The opinion of the Court was delivered by
ITott, J.
The doctrine of implied warranties has so long prevailed in this State,[1] and has been so well illustrated by a series of uniform decisions, ever since the revolution, that no one thinks it now a subject of litigation. And it is not a question now submitted to us, whether a warranty of soundness of property may be inferred from soundness of price, but whether that rule of law is applicable to executors and administrators, and others acting in a representative capacity.
I formerly entertained an opinion that it did not apply to cases of that description. It still doubt whether, on any ground of public policy, or *463 the principles of the common law, it can now be maintained. But there have been so many decisions in which it has been held to apply as well to persons acting in a representative character, as to those acting in their own right, that I feel bound to yield to their authority. *1 „ take it, however, that this distinction is still to be observed ; that L 0 executors or administrators are not to be considered as personally responsible, except in eases of misrepresentation or deceit; and therefore would not be liable where the money had been paid over, or the estate fully administered. The foundation of the action does not appear to me in such case to depend so much on any supposed undertaking on the part of the seller, that the property is sound, as on the moral obligation which every person is under to give an equivalent for what he receives. If, therefore, a seller receive the full price of an article, apparently valuable, which is intrinsically defective and worthless, the law imposes a duty, and thereby implies a promise, that he will refund the money ; because he has received that which equo et bono he ought not to íetain. So where the money has not been paid, the defendant is absolved from his contract on the ground that the consideration has failed. It is in the latter case, in particular, that this remedy is allowed against executors and administrators, while the money is, as it were, in transitu, and before it has been paid away in the course of administration.
Blanding, for the motion. Williams, contra.
The second ground appears to be bottomed on a misapprehension of the decisions of this Court. The mistake has arisen from confounding the action of assumpsit on a special promise or undertaking, with a general indebitatus assumpsit, for money had and received. It was held in the case of Weston v. Downs, Douglass, 23, and in Fowler and Williams,[1] and Byers and Bostwyck, in this Court, 2 M. Const. Rep. 15, that as long as the contract remained open or not rescinded by the return of the property or otherwise, an action for money had and received, would not lie. But it never has been held in this Court that a special assumpsit on the implied warranty might not be maintained, even though the contract had not been rescinded. The objection in all the cases has gone to the form of the declaration, and not to the action. The distinction, therefore, cannot exist, where the *unsoundness or want of p*.. consideration is set up by way of defence. *-
But on the last ground, I think a new trial ought to be granted. The witness does not appear to have had any immediate interest in the event of the suit; neither could the judgment in this case be given in evidence for or against him, in any future action. If the title of the horse had been in question, his interest would have been manifest, because the defendants might have had recourse to him in case a decree had been against them. But it did not follow, that because the horse was sick in January, he must have been so the spring preceding. The objection might perhaps have gone to his credibility ; but that was a question for the jury, and not for the Court.
The motion must, therefore, be granted.
Colcock, Johnson, and RtcháRDSOn, JJ., concurred.

 1 N. & McC. 194.

 2 Brev. 304; Ante, 67.

 2 Brev. 105.