## LATIMER v. WHARTON.

1. JUDICIAL SALE—FAILURE OF CONSIDERATION.—The rights of a purchaser of land at a sale made by the commissioner under decree of the Court of Equity, where the consideration has failed, and the question of implied warranty at such a sale, considered, the decisions in this State reviewed, and the following rules declared:

   (1) That the equity of the purchaser to relief by reason of failure of consideration can be set up only as a defence to action for the purchase money.
   (2) That if the sale was made under compulsory process, such defence, in the absence of fraud or misrepresentation, will not be considered;
   (3) But may be where the sale was not under compulsory process, as, *e. g.*, in partition cases.

2. CASES CRITICISED.—Rogers *v.* Horn, 6 Rich., 361, declared to have been overruled, and Mitchell *v.* Pinckney, 13 S. C., 203, explained and limited.

3. JUDICIAL SALE—FAILURE OF CONSIDERATION.—The purchaser of land sold under decree of the Court of Equity for the purpose of paying the debts of testator, gave bond and mortgage for the purchase money. On default in payment, he was sued and judgment obtained, failure of consideration not

being pleaded in defence; after which, but before payment, the land so purchased was recovered by title paramount, and the execution on such judgment was levied on other property of this purchaser. *Held*, that the court would not enjoin a sale under this levy on the complaint of this purchaser.

Before WALLACE, J., Laurens, June, 1893.

In this case Hon. Eugene B. Gary, Associate Justice-elect of the Supreme Court, sat by appointment in the place of Mr. Justice Pope, who had been of counsel in the cause. It was an action by Joseph P. and John H. Latimer, as executors of Hewlet Sullivan, deceased, against John H. Wharton, as clerk of court, and George S. McCravy, as sheriff of Laurens County, commenced January 2, 1893, to vacate a judgment and enjoin a sheriff's sale thereunder.

*Messrs. Perry & Heyward* and *G. W. Dillard*, for appellant.

*Mr. C. C. Featherstone*, contra.

June 8, 1894.   The opinion of the court was delivered by

MR. JUSTICE GARY.   The plaintiffs invoked the equitable aid of the court below for injunction upon allegations contained in the following complaint:

"I. That the plaintiffs are the duly qualified executors of the last will and testament of Hewlet Sullivan, deceased.   II. That one M. A. Sullivan, late of the county and State aforesoid, died intestate [*sic*], leaving one C. P. Sullivan, jr., as the executor of his last will and testament, who duly qualified and entered upon the duties of his office.   III. That under proper proceedings in the Court of Equity, the real estate of the said M. A. Sullivan was sold by the commissioner in equity.   That at said sale the plaintiffs' testator bought a part of said real estate, and agreed to pay therefor $2,550, on a credit of twelve months; that for the payment of this sum of money the plaintiffs' testator, on the 5th day of November, 1866, entered into bond to Homer L. McGowan, then commissioner in equity, with John Hellams and C. P. Sullivan, jr., as sureties; that in order to secure the payment of said bond, the plaintiffs' testator

mortgaged to Homer L. McGowan, commissioner as aforesaid, the tract of land purchased by the plaintiffs' testator as afore- said, and described as follows: * * * IV. That an action for the foreclosure of the mortgage given by the plaintiffs' testator as aforesaid, was begun on the 26th day of May, 1874, which action ripened into judgment, and judgment was obtained for foreclosure at the September term of the court, 1876, in the sum of about $4,000, more or less. V. That said execution was renewed, and the renewal execution has been levied upon the property of the plaintiffs' testator to satisfy the judgment obtained against said testator as aforesaid, which property has been advertised for sale for saleday in January, 1893. VI. That subsequent to obtaining said judgment and issuing said execu- tion, one W. D. Sullivan, as trustee of Malinda C. Sullivan, now Kay, instituted proceedings against these plaintiffs, as executors of Hewlet Sullivan, deceased, in the Court of Common Pleas, on the 11th of March, 1892, and recovered said tract of land from these plaintiffs, and is now in possession of the same, and a suit is now pending against these plaintiffs as executors to recover rents and profits for said tract of land. VII. That the consideration for the purchase money for the said tract of land has entirely failed * * *.''

The defendants raised certain issues by their answer, which, as will hereinafter be seen, need not be mentioned in this opin- ion. The case was referred to F. P. McGowan, Esq., as special referee. ` The defendants interposed an oral demurrer to the complaint on the ground that it did not state facts suffi- cient to constitute a cause of action, which was sustained by the special referee. Upon exceptions to the special referee's report, the case was heard by his honor, Judge Wallace, who sustained the report, and ordered that the complaint be dis- missed. The appellants' exceptions question the ruling sus- taining the demurrer to their complaint on the ground that it did not state facts sufficient to constitute a cause of action.

The sole ground upon which the plaintiffs seek equitable re- lief is, that there was a failure of consideration by reason of the fact that they have been evicted by a paramount title. There is no allegation of fraud or misrepresentation by which

their testator was induced to accept the deed to the land, enter into possession thereof, or execute the bond and mortgage given to secure the credit portion of the purchase money. A judgment of foreclosure has been recovered on the mortgage executed to secure the credit portion of the purchase money. The plaintiffs seek relief in an action other than that in which judgment was recovered for the balance of the purchase money. It is stated in the arguments of counsel that the sale of the land was made by the commissioner in equity for the purpose of raising money to pay debts.

The importance of the doctrine involved in this case and the frequent necessity for its application on account of the numerous public sales by officers of the court have caused this question to be brought time and again for adjudication before our courts of highest resort. Some of the cases in which it has been discussed are: *Lessly* v. *Bowie*, 27 S. C., 193; *Mitchell* v. *Pinckney*, 13 *Id.*, 203; *Bolivar* v. *Zeigler*, 9 *Id.*, 287; *Parker* v. *Partlow*, 12 Rich., 679; *Commissioner* v. *Smith*, 9 Rich., 515; *Prescott* v. *Holmes*, 7 Rich. Eq., 1; *Rogers* v. *Horn*, 6 Rich., 361; *Rupart* v. *Dunn*, 1 *Id.*, 101; *Evans* v. *Dendy*, 2 Spear, 9; *Means* v. *Brickell*, 2 Hill, 657; *O'Neall* v. *Abney*, 2 Bail., 317; *Barkley* v. *Barkley*, Harp., 441; *Fuller* v. *Fowler*, 1 Bail., 75; *Commissioner* v. *Thompson*, 4 McCord, 434; *Tunno* v. *Fludd*, 1 *Id.*, 122; *Herbemont* v. *Sharp*, 2 *Id.*, 264; *Adams* v. *Wylie*, 1 Nott & McC., 78; *Eastland* v. *Longshorn*, *Ibid.*, 194; *Duncan* v. *Bell*, 2 *Id.*, 153; *Commissioners* v. *Macon & Foot*, 2 Brev., 105; *Champneys* v. *Johnson*, 2 *Ibid.*, 268; *State* v. *Gaillard*, 2 Bay, 11; *Sumter* v. *Welsh*, *Ibid.*, 558; *Gray* v. *Handkinson*, 1 *Id.*, 278.

In speaking of the equity contended for by plaintiffs, the court, in the case of *Commissioner* v. *Smith*, 9 Rich., 521, thus defines it: "There was no other ground of defence than failure or want of consideration, in that the purchaser did not get what he expected to get. In other words, he would in equity have been entitled to compensation for his loss, and that at law he obtained under the defence of failure or want of consideration." The only cases in our reports, so far as we can find, where this equity has been allowed, are where it has been

interposed by the defendant as a *defence* when sued for the purchase money.

The court, in the case of *Prescott* v. *Holmes*, 7 Rich. Eq., 1, refused to allow the claim arising out of the doctrine of implied warranty, on the ground that it could only be interposed as a *defence.* In that case the court says: "In all the cases cited by the plaintiffs this was relied on by way of *defence* in an action for the purchase money, and the equitable distinction may have been recognized between an executed and an executory contract. Attempts have been made to go further, and to recover back the purchase money, but, so far as may be learned from the reports, the right has never been recognized."

In the case of *Evans* v. *Dendy*, 2 Speer, 9, the plaintiff brought an action of assumpsit against the ordinary under the following circumstances: A tract of land was sold for partition under the order of the ordinary; the proceeds were paid over to the ordinary; before he paid them over to the heirs at law, the land was recovered by title paramount from the plaintiff, who was the purchaser. The court says: "There is a great difference between enforcing an executory contract and giving relief after it has been executed both at law and in equity." To the same effect is *Fuller* v. *Fowler*, 1 Bail., 75, commented on in *Prescott* v. *Holmes*, 7 Rich. Eq. The plaintiffs' testator could have pleaded the failure of consideration if the case had been one in which such defence is allowable, when sued for the balance of the purchase money, and having had his day in court, when he failed to assert the equity which the plaintiffs now invoke, they are not entitled to relief. The equity for which the plaintiffs contend is not based upon the same principle as a suit on the covenants of warranty contained in a deed. An *independent action* may be brought on the covenants of warranty contained in a deed, while the authorities show that this equity can only be set up as a *defence.*

We come now to a consideration of the question of implied warranties in our State, in sales made by judicial officers. The case of *Lessly* v. *Bowie*, 27 S. C., 197, uses the following language: "In a sale of lands there ceretainly is no implied warranty, as there may be in reference to personalty. There is no

such thing as failure of consideration arising out of a contract implied, or, as it is sometimes expressed, the equitable condition of sale. A purchaser must protect himself, if at all, by covenants in writing, out of which all his rights of defence must come, except, perhaps, in the case of fraud." The court, in the case of *Mitchell* v. *Pinckney*, 13 S. C., 209, says: "The law requires that all contracts concerning the transfer of land shall be in writing. A purchaser must protect himself by covenants. It follows that where there is no express warranty, none can be implied. Omission to warrant disproves intention to warrant, and if that could be contradicted by implication, it would be not only creating a covenant against the intention, but proving it by parol. As to land, there can be no such thing as failure of consideration growing out of a breach of contract, or, as it is sometimes expressed, the equitable condition of sale; otherwise there would be, so far as that defence is concerned, no difference between a *quit claim* and a warranty. We are of the opinion that the proper principle is, that in cases without warranty, the purchaser, when sued for the purchase money, may set up any defence which is independent of contract, and constitutes a demand against the vendor, in the nature of a cross-action, such as fraud or misrepresentation, and that this is the extent to which such defence can go. All the cases can be harmonized on this principle. A careful examination of them, as to real estate, in which abatement has been allowed, will show either that there was warranty, or, if no warranty, that there was fraud or misrepresentation."

The next case is *Rogers* v. *Horn*, 6 Rich., 361, in which it is held, that a purchaser of land, sold by the commissioner in equity for partition, where there is no express warranty of title, contracts for and gets the title of the ancestor and no more; if the title is defective, he cannot complain by action or discount as on an implied warranty, nor, where there is no misrepresentation, on the ground of failure of consideration.

*Rupart* v. *Dunn*, 1 Rich., 101, decides that the civil law rule, that a sound price raises an implied warranty, does not apply to a sale of land. This case also decides that the case of *State*

33—41

v. *Gaillard*, 2 Bay, 11, was expressly overruled by *Evans* v. *Dendy*, 2 Speer, 9.

In the case of *Evans* v. *Dendy*, *supra*, a purchaser of land, which was sold under order of the ordinary, paid the money and received a deed containing no warranty; the land was recovered from the purchaser by title paramount, the money still remaining in the hands of the ordinary undistributed. In assumpsit brought by the purchasers to recover it back from the ordinary, it was held that the action could not be maintained against the distributees, founded on an implied warranty in the sale by the ordinary, nor against him as their agent; that there is no implied warranty in a sale of land made by the ordinary for partition. The court uses the following language: "It is now more than half a century since the case of *Gray* v. *Handkinson* was decided, and during all that time I do not find a case where the mere failure of consideration without warranty has been set up by way of defence, or any action brought to recover back the money; a circumstance from which it may be fairly inferred that it never has been supposed such defence could be made, or such action be maintained."

The court, in the case of *Commissioner* v. *Thompson*, 4 McCord, 434, says: "The land in question was sold by the commissioner in equity pursuant to an order of that court, and I take it to be a well settled rule that the law never implies a warranty on the part of any person, acting merely as its organ, for the purpose of transferring property from one hand to another." The court then proceeds to give the following reason for the rule: "There are other reasons why too ready an ear ought not to be lent to a defence of this sort, in cases of public sales. In the first place, the officer selling is not supposed to be better acquainted with the property than the purchaser, and in most cases not so well, having neither the means nor the inducement to obtain such information. Secondly, property thus sold is most frequently for the benefit of families, many of whom are minors, and who, therefore, receive their proportions as the instalments become due, when the payments are made in that way, which is most usually required. The elder distributees, therefore, who receive the dividends out of the cash payments,

receive their full proportions, while the whole loss, by subsequent deductions, may fall altogether on those who are the least able to sustain it." Some of the cases hereinbefore mentioned tend to establish the same principle.

These cases certainly sustain the general proposition that there is no implied warranty at sales made by public officers. Our courts have, however, allowed such defences in certain cases, where the sales were made by orders of the court; and we propose to show the exceptions to the general doctrine hereinbefore announced. It is only by holding that there are exceptions to this sweeping rule, that the decisions in our courts on this subject can be harmonized. Before thus proceeding, however, we will discuss two cases which announce a contrary doctrine. *Rogers* v. *Horn*, 6 Rich., 361, and *Mitchell* v. *Pinckney*, 13 S. C., 203.

There seems to be some doubt as to whether or not the case of *Rogers* v. *Horn* is still to be regarded as authority in this State. It has been overruled, and is no longer to be regarded as authority. A contrary doctrine to that contained in *Rogers* v. *Horn* was announced in the case of *Commissioner* v. *Smith*, 9 Rich., 515. It might, however, be contended that *Rogers* v. *Horn* was a case in which the sale was of real estate, while that of *Commissioner* v. *Smith* was of personalty, and that this makes a difference in the two cases. Even if it should be conceded that there is some force in this reasoning, we have the case of *Bolivar* v. *Zeigler*, 9 S. C., 287, where the sale was of real estate, sold for partition, in which such defence was allowed.

The other case to which we desire to allude is that of *Mitchell* v. *Pinckney*, 13 S. C., 203, where the sale was of real estate under proceedings for partition. That case was properly decided on the ground that Pinckney, the agent of the purchasers, knew of the deficiency in the land when he executed the bond for the purchase money, and complied with the terms of sale. The court says: "He said nothing about the deficiency until he complied with the terms of sale, and demanded title on June 4th, which was the same in effect as if he had bid off the property that day with a full knowledge of the deficiency. He chose to stand by his bargain; indeed, insisted upon it after he

had full knowledge, and he can not be heard to impeach his own bonds, in whole or in part, or to say that he is damaged by misrepresentations, when he knew the truth of the matter so represented." This case can not, therefore, be regarded as contravening the law as to the exceptions to the general rule which we shall announce.

It is well known that the reason of the rule of *caveat emptor* at sheriff's sales is because such sales are forced and are made under compulsory process. There is not the same reason for holding that the rule should prevail where the officer selling the property is regarded as the agent of the parties, such as sales for partition, and those made by executors and administrators. This distinction is mentioned in several of our cases, among which way be cited *Bolivar* v. *Zeigler*, 9 S. C., 287; in the dissenting opinion of his honor, Judge Wardlaw, in *Commissioner* v. *Smith*, 9 Rich., and in the dissenting opinion of his honor, Judge Richardson, in *Evans* v. *Dendy*, 2 Speer. In the case of *Bolivar* v. *Zeigler*, 9 S. C., it clearly appears that failure of consideration can be pleaded as a defence to an action for the purchase money of the land sold for *partition*. In that case there was no allegation of fraud, misrepresentation, nor any other ground of equitable relief than failure of consideration by reason of eviction by a paramount title; yet such defence was sustained.

*Commissioner* v. *Smith*, 9 Rich., 515, was a case where the sale was of personal property. There was no allegation of misrepresentation or fraud, and no ground for equitable relief, except that the consideration had failed by reason of unsoundness of the woman purchased at the sale for partition; and the defence was sustained. The court in that case sustained the case of *Barkley* v. *Barkley*, Harp., 441, solely on the equity of the purchaser to plead failure of consideration, and held that in that case there was no warranty, nor intentional misrepresentation. The court also commented on the case of *Richardson* v. *Pearson* (manuscript, Columbia, 2 Book, 691,) as follows: "As in *Richardson* v. *Pearson*, the land was sold for partition between Delilah Perry, a lunatic, and the executors of Aaron Cates; it was purchased at the commissioner's sale by Robert R. Pearson.

The defect in the title of the lunatic was not known at the time of the sale, or for years after; the defendant was in possession, had paid a large part of the purchase money, and yet the defect in the title being made apparent, the court held it was allowable as failure of consideration, and thereby the whole contract was rescinded." See, also, *Champneys* v. *Johnson*, 2 Brev., 268, and *Duncan* v. *Bell*, 2 Nott & McC., 153. It appears from the foregoing cases that the equity set up by the plaintiffs can only be asserted when set up as a defence; that where land or personalty has been sold under *compulsory process*, such defence, in the absence of fraud or misrepresentation, will not be considered; that such defence can be set up in cases other than those where the property has been sold under compulsory process. The land in this case was sold to pay debts, and was, therefore, sold under compulsory process, and is to be regarded as a forced sale. The creditor's remedy for the enforcement of his debt is part of the contract, to the extent that an impairment of it would be unconstitutional. No such question, however, can arise in partition cases. We do not see how process of the court, put in motion to raise money to pay debts, can be regarded otherwise than compulsory.

It is the judgment of this court, that the judgment of the court below be affirmed.