BELL et al. v. MORLEY et al.

(Circuit Court of Appeals, Ninth Circuit. May 24, 1915.)

No. 2573.

1. Fraud ☞9—Fraudulent Representations—What Constitute—"Actionable Fraud."

To constitute actionable fraud, it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 8; Dec. Dig. ☞9.

For other definitions, see Words and Phrases, First and Second Series, Actionable Fraud.]

2. Vendor and Purchaser ☞36—Fraudulent Representations by Vendor—What Constitute.

Statements made by an agent for the sale of land to the purchaser as to the quantity of timber on the land, known by the purchaser to have been based on a cruise made by others some years before, and therefore merely a matter of opinion, and so far as appears made in good faith, do not amount to fraudulent representations which will constitute a defense to an action for the purchase price, even if the quantity was overestimated.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 40, 52, 53; Dec. Dig. ☞36.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**8. VENDOR AND PURCHASER** ☞274—**SUIT TO ENFORCE LIEN FOR PURCHASE MONEY—DEFENSES—DEFECT IN TITLE OF VENDOR.**

Under the law of Washington by which the registration of a deed is not essential to its validity as between the parties nor as to others except subsequent purchasers for value without notice, the fact alone that a deed was by mistake recorded in the miscellaneous record, and that the grantor therein afterward made a conveyance to another, without any showing that the second grantee was a bona fide purchaser, or even that he claimed title, does not make out a defense of failure of title in behalf of a subsequent grantee under the first deed in a suit to enforce a lien for the purchase money.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 769–771; Dec. Dig. ☞274.]

On Appeal from the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Suit in equity by Mary C. E. Morley and Fred Morley against R. C. Bell, Mary A. Bell, and the American Surety Company of New York. Decree for complainants, and defendants appeal. Affirmed.

Kollock, Zollinger & McDowall, of Portland, Or., for appellants.

Platt & Platt and Hugh Montgomery, all of Portland, Or., for appellees.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

RUDKIN, District Judge. This is an appeal by the defendants from a decree foreclosing a purchase-money mortgage on certain timber lands in the state of Washington. The answer contains two defenses, or partial defenses: The first is that the agent who acted for the appellees in the sale of the property to the appellants for the purpose of inducing the appellants to make the purchase represented that the firm of James D. Lacey & Co., with whom he was connected, had carefully and accurately cruised the property; that there was on the property as shown by such cruise, exclusive of hemlock, 11,584,000 feet, board measure, of good merchantable timber, that the appellants purchased the property relying on these representations; that in truth and in fact there was upon the property only 7,916,919 feet of merchantable timber, exclusive of hemlock, and that the appellants were damaged thereby in the sum of $9,167.57. As a further partial defense it was averred that the title to 40 acres of the timber land had failed to the damage of the appellants in the sum of $2,500. The court below overruled both of those defenses, and upon these rulings the assignments of error are based.

[1] It is a sufficient answer to the first assignment of error to say that, on conflicting testimony of the two witnesses who conducted the negotiations leading up to the sale, the court below found against the charge of fraud, and there is nothing in the record to lead us to a different conclusion. But aside from all this, the representations, if made, were not actionable.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

To constitute actionable fraud it must appear:

"(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." 20 Cyc. 13.

[2] In the present case the parties had before them, pending the negotiations for the sale, certain estimates showing the quantity of timber on the land according to a cruise made some years before. This cruise was not made by the agent who represented the appellees in the negotiations for the sale of the property; he had no personal knowledge as to the quantity of timber on the land, and did not claim to have. Any statement made by him was therefore a mere matter of opinion, based on information furnished by third persons, known by the appellants to be such, and, so far as the record discloses, that opinion was expressed in the utmost good faith.

"To furnish grounds for an action of deceit the representation must be of a matter susceptible of approximately accurate knowledge, and must be in form or substance an assertion importing knowledge on the part of the speaker. A statement which by reason of its form or subject-matter amounts merely to an expression of opinion is not actionable, for it is one upon which reliance cannot safely be placed." 20 Cyc. 17.

"It is clear, however, that if the misrepresentation is made, not in the form of an unqualified assertion implying personal knowledge, but as upon information and belief, and the speaker really believes the statement to be true, he cannot be held liable, although the person to whom it is made suffers injury from acting in reliance thereon." 20 Cyc. 31.

[3] The second defense is equally without merit. It appears from the testimony that the appellees deraigned their title to 40 acres of the timber line embraced in the mortgage through mesne conveyances from Christopher William Whitford and wife. Whitford and wife conveyed the property to one Ernest Strong, Strong conveyed to the appellee, Mary E. C. Morley, and the appellees to the appellants. Through inadvertence or mistake the deed from Whitford to Strong was recorded in the Miscellaneous Records in the office of the county recorder. Subsequent to the deed to Strong the Whitfords, by a second deed, conveyed the same property to certain parties in New Mexico. The appellants contend that the registration of this deed in the Miscellaneous Records did not constitute constructive notice, and that the title of the appellants was defeated by the subsequent conveyance from the Whitfords to the parties in New Mexico. This conclusion does not follow. Under the laws of the state of Washington registration is not essential to the validity of a deed. A deed is valid without registration as between the parties, and as to all others, except bona fide purchasers and incumbrancers for value and without notice. No proof was offered here tending to show that the New Mexico parties were purchasers for value and without notice. Indeed, there was an entire absence of testimony tending to show that they even claimed an interest in the property. The defense of failure of title was therefore not established, and we deem it unnecessary to consider either the ef-

fect of the warranty contained in the deed, or of the collateral agreement entered into at the time of the conveyance.

There is no error in the record, and the judgment is affirmed.