## HALSEY v. MINNESOTA–SOUTH CAROLINA LAND & TIMBER CO.

Circuit Court of Appeals, Fourth Circuit.
October 16, 1928.

No. 2722.

H. L. Erckmann and Julian Mitchell, both of Charleston, S. C. (F. H. Horlbeck, of Charleston, S. C., on the brief), for appellant.

Legare Walker, of Summerville, S. C., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and SOPER, District Judge.

PARKER, Circuit Judge. This is an appeal from a judgment entered upon an order sustaining a demurrer to the complaint of plaintiff and dismissing his action. The complaint, which was filed in April, 1927, alleged that on December 31, 1923, plaintiff contracted to purchase from defendant at the price of $150,000 the timber and timber rights on certain tracts of land in Orangeburg county, South Carolina, and that pursuant to this contract a deed conveying same to plaintiff was executed on February 4, 1924. It alleged that in the course of the negotiations

leading up to the sale defendant represented to plaintiff that two of the tracts of land contained over 20,000,000 feet of timber and furnished plaintiff with the field note book of an expert timber estimator who shortly before had estimated it for defendant; that this note book showed that there were some 19,215,000 feet of timber on said tract, and that defendant informed plaintiff that these figures were conservative, and that the timber would exceed them by about 20 per cent., and that the two tracts would yield approximately 24,000,000 feet. Plaintiff further alleged that he relied upon these representations, and because of them purchased the timber without having it further estimated; that upon cutting the timber he found that the two tracts contained only 12,652,194 feet; and that because of the shortage he had been damaged, not only to the extent of the pro rata payment for the amount which was short, but also for expenditures made in locating machinery on the lands and for the loss of anticipated profits.

There was no allegation that there was any warranty of quantity either in the written contract of sale or in the timber deed, nor was there allegation that the timber was sold by the foot or that a warranty as to quantity was omitted from the deed by mistake. On the contrary, the provisions of the contract set forth in the complaint show clearly that the sale was in gross. There was no allegation that the alleged false representations were false to the knowledge of defendant, or that they were made recklessly without regard to their truth, or that they related to matters peculiarly within the knowledge of defendant or its agents, or that they were made fraudulently or with intent to deceive.

The learned District Judge held that the action could not be sustained as one for breach of contract, because there was no allegation of a warranty of the quantity of the timber either in the contract or in the deed, and that it could not be sustained as an action for deceit because there was no allegation that the false representations were false to the knowledge of defendant, or that they were made recklessly as positive assertions without knowledge of their truth, or that they consisted of facts which must have been within the personal knowledge of defendant. He ruled that the plaintiff might amend by alleging scienter and try the action as one in deceit, or by alleging that the consideration was to be for a fixed price per foot, and that by mutual mistake the agreement did not set forth the true contract, and have the cause transferred to the equity side of the docket and tried as a suit for reformation. Plaintiff did not amend, however; and the question presented is whether the complaint as it stands states a cause of action. We agree with the judge below that it does not.

■■ In the first place, the complaint cannot be sustained as a good declaration in contract, because it contains no allegation that there was a warranty as to quantity either in the contract or in the deed, but, on the contrary, shows that the sale was in gross and not on a footage basis. It is well settled that in the sale of lands or timber a warranty of quantity is not implied, but that, if the purchaser desires to protect himself with regard thereto, he must have inserted in the deed or contract a proper warranty to that end. D. T. McKeithan Lumber Co. v. Fidelity Trust Co. (C. C. A. 4th) 223 F. 773; Fidelity Trust Co. v. D. T. McKeithan Lumber Co. (D. C.) 212 F. 229; Mitchell v. Pinckney, 13 S. C. 203; Lessly v. Bowie, 27 S. C. 193, 3 S. E. 199; Erskine v. Wilson, 41 S. C. 198, 19 S. E. 489; Latimer v. Wharton, 41 S. C. 508, 19 S. E. 855, 44 Am. St. Rep. 739; People's Bank v. Bramlett, 58 S. C. 477, 36 S. E. 912, 79 Am. St. Rep. 855.

■ Plaintiff relies upon representations made during the negotiations as to the quantity of the timber; but it is elementary that what is said in the negotiations leading up to the sale of realty cannot form the basis of a contract action, not only because all prior negotiations are deemed to be merged in the contract or deed, but also because of the requirements of the statute of frauds. Mitchell v. Pinckney, supra; 13 C. J. 597; Seitz v. Brewers Refrigerating Co., 141 U. S. 510, 12 S. Ct. 46, 35 L. Ed. 837; Patton v. Sinclaire Lumber Co., 179 N. C. 103, 101 S. E. 613.

In Mitchell v. Pinckney, supra, the Supreme Court of South Carolina used the following language which was quoted with approval in the more recent case of Latimer v. Wharton, supra, viz.:

"The law requires that all contracts concerning the transfer of land shall be in writing. A purchaser must protect himself by covenants. It follows that, where there is no express warranty, none can be implied. Omission to warrant disproves intention to warrant, and, if that could be contradicted by implication, it would be not only creating a contract against the intention, but proving it by parol. As to land, there can be no such thing as failure of consideration growing out of a breach of contract, or, as it is sometimes expressed, the equitable condition of sale;

otherwise, there would be, so far as that defense is concerned, no difference between a quitclaim and a warranty."

In the case of Lessly v. Bowie, supra, Judge McGowan, speaking for the Supreme Court of South Carolina, said:

"In a sale of lands there is certainly no implied warranty, as there may be in reference to personalty. There is no such thing as a failure of consideration arising out of a contract implied, or, as it is sometimes expressed, the equitable condition of sale. A purchaser must protect himself, if at all, by covenants in writing, out of which all his rights of defense must come, except, perhaps, in the case of fraud."

In the case of People's Bank v. Bramlett, supra, it was held that a purchaser of land at a master's sale under foreclosure was entitled to an abatement of the purchase price upon discovery before deed was executed that a portion of the lands sold had been recovered from the mortgagor under title paramount. Answering a contention that the purchaser was not entitled to relief under such circumstances, Judge Jones, later Chief Justice, stated the rule prevailing in South Carolina, which is in harmony with the rule prevailing in most other jurisdictions, as follows:

"This position may be correct after the contract has been executed and the deed of conveyance made, and the authorities cited by the attorneys for the mortgagees tend to support such contention. But there is quite a difference where the contract is executory. The general doctrine is, that one who agrees to purchase land will be allowed a reasonable opportunity to investigate the title, and if he finds that the title fails as to a portion, or there is a defect in the title, he will be allowed to rescind the trade, or an abatement from the purchase price. After the contract has been executed, however, and the deed actually made, the purchaser must look to the warranty contained in his deed, and he is entitled to only such remedy as he has under that warranty."

In D. T. McKeithan Lumber Co. v. Fidelity Trust Co., supra, this court dealt with a case where the seller of timber had furnished to the purchaser estimates as to its quantity, and where the deed recited the estimates but contained no warranty of quantity. In holding that the purchaser was not entitled to recover for the deficiency the court said:

"It is the settled law of South Carolina that in cases of sales of land there must be a specific warranty of quantity, or proof of misrepresentation amounting to fraud, to sustain the charge of failure of consideration.

Mitchell v. Pinckney, 13 S. C. 203, 209; Erskine v. Wilson, 41 S. C. 198, 19 S. E. 489; Latimer v. Wharton, 41 S. C. 508, 19 S. E. 855, 44 Am. St. Rep. 739."

In the light of these authorities, it is perfectly clear that plaintiff has no right of action ex contractu for the alleged deficiency in quantity. We think it equally clear that the complaint states no cause of action ex delicto, and this because there is no averment that the representations relied on were false to the knowledge of defendant or its agents, or that they were made recklessly as positive assertions without knowledge of their truth or falsity, or that they related to matters peculiarly within the knowledge of defendant or its agents. It is true, of course, that in an action on the case for false warranty, which is an action sounding in tort, it is not necessary to allege or prove scienter. Shippen v. Bowen, 122 U. S. 575, 7 S. Ct. 1283, 30 L. Ed. 1172; Schuchardt v. Allen, 1 Wall. 359, 368, 17 L. Ed. 642. But this cannot be maintained as an action for false warranty, because, as shown above, there was no warranty. The only question which remains, therefore, is whether in an action for damages for false representation it is necessary to allege and prove scienter. In a few of the states, unquestionably, the action can be maintained without such allegation or proof. 12 R. C. L. 347; note 16 Ann. Cas. 646 et seq. But it is equally clear that under the rule settled by the overwhelming weight of authority, which is the rule in South Carolina as well as in the federal courts, such allegation and proof are necessary. State v. Bolyn, 143 S. C. 63, 141 S. E. 165 at 173; Bromonia Co. v. Greenwood Drug Co., 78 S. C. 482, 59 S. E. 363; Poag v. Charlotte Oil Co., 61 S. C. 190, 39 S. E. 345; Gem Chemical Co. v. Youngblood, 58 S. C. 56, 36 S. E. 437; Chisholm v. Gadsden, 1 Strob. 220, 47 Am. Dec. 550; Munro v. Gairdner, 3 Brev. 31, 5 Am. Dec. 531; Cooper v. Schlesinger, 111 U. S. 148, 4 S. Ct. 360, 28 L. Ed. 382; Erwin v. Jackson (C. C. A. 4th) 22 F.(2d) 56; Bell v. Morley (C. C. A. 9th) 223 F. 628, 20 Cyc. 13; 26 C. J. 1063; note 16 Ann. Cas. 646; note Ann. Cas. 1913C, at page 64.

The general rule is well stated in 20 Cyc. 13, as follows:

"To constitute actionable fraud, it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that

plaintiff acted in reliance upon it; and (6) that he thereby suffered injury."

This succinct and lucid statement has been adopted in many decisions (see 26 C. J. 1063), and has been approved by this court in an able opinion by Judge Northcott in the recent case of Erwin v. Jackson, 22 F.(2d) 56. And it has been adopted also by the Ninth Circuit in a case practically "on all fours" with the case at bar. Bell v. Morley, supra.

In Poag v. Charlotte Oil & Fertilizer Co., supra, reversing a judgment for damages where the jury had been instructed that they could find against defendant whether defendant knew of the falsity of the representations relied on or not, the Supreme Court of South Carolina adopted the rule stated in 14 Am. & Eng. Encyc. of Law, as follows:

"A fraudulent intent in the case of a false representation includes knowledge that the representation is false, or what is called a 'scienter.' * * * As a general rule, an action of deceit cannot be maintained if a false representation is made in the honest belief that it is true. In the requirement of a scienter, deceit differs from a breach of warranty. If a representation amounts to a warranty, an action of assumpsit for a breach of warranty, or an action on the case for a false warranty, express or implied, may be maintained, whether the defendant knew the representation was false or not. Therefore, when it is decided in any case that the knowledge of the falsity of a representation is necessary to entitle a person to maintain an action for damages, care should be taken to ascertain whether the action is for deceit or for breach of warranty or false warranty, before the decision is relied upon as authority."

█ A different rule prevails in equity from that which obtains at law as to the necessity for showing a knowledge of falsity or fraudulent intent in the case of false representations. And as a general rule courts of equity will in proper cases grant relief, by way of rescission, abatement, or otherwise, even though no fraudulent intent on the part of the person making the representation is shown, and though he made it honestly, as a result of misapprehension or mistake. All that need be shown in such cases is that the representations were false and actually misled the person to whom they were made. 12 R. C. L. 345; note Ann. Cas. 1913C, page 63. Smith v. Richards, 13 Pet. 26, 10 L. Ed. 42; Kell v. Trenchard (C. C. A. 4th) 142 F. 16. As said in Ruling Case Law (pages 345 and 346):

"The reason generally given for the rule is that courts of equity may grant relief on the ground of constructive fraud such as would not authorize relief by way of an action of deceit at law. It applies where it is sought to reform a contract by a suit in equity brought for that purpose and to suits for cancellation, or where fraud is set up as a defense to a suit in equity, as, for example, a suit for specific performance, or to foreclose a mortgage."

It is upon expressions in equity cases in which this rule is referred to or applied that plaintiff chiefly relies; and a brief examination of these cases will show that they are not controlling in the case at bar, or even in point. The case of Welborn v. Cobb, 92 S. C. 384, 75 S. E. 691, with a quotation from which plaintiff begins the legal argument of his brief, was a suit for the foreclosure of a purchase-money mortgage, wherein it was held that the purchaser was entitled to set off against the amount due on the note given by him a gross deficiency of acreage, although it appeared that the land was sold by the tract and not by the acre. Peake v. Renwick, 86 S. C. 226, 68 S. E. 531, 33 L. R. A. (N. S.) 409, was a suit for the foreclosure of a mortgage given for the purchase price of land bid off at a master's sale, wherein it appeared that the advertisement of sale and master's deed included a lot previously conveyed. The court held that the purchaser was entitled to rescission, or to a pro tanto abatement of the purchase price. Godfrey v. Lumber Co., 88 S. C. 133, 70 S. E. 396, was a suit in equity for rescission on the ground of misrepresentation. The circuit judge denied relief, holding that the purchase was not made because of reliance on the representations and because it appeared that plaintiff did not move for rescission promptly upon the discovery of the facts. The case was affirmed on appeal by an evenly divided court, and of course is not authority for any proposition. People's Bank v. Bramlett, 58 S. C. 477, 36 S. E. 912, 79 Am. St. Rep. 855, from which we have quoted above, held that, where land was sold at a master's sale and before deed was executed it was discovered that a portion of it had been recovered from the mortgagor under title paramount, equity would decree an abatement of the purchase price. Smyth v. Brunson, 115 S. C. 385, 108 S. E. 99, was an equity cause in which recovery for a slight deficiency in quantity was denied on the ground that the sale was in gross. It is perfectly clear that nothing said in any of these cases is authority for the proposition that a purchaser of timber in

gross can recover damages at law on account of representations made by the vendor, not accompanied by fraud.

It is equally clear that other cases strenuously relied on by plaintiff do not touch the point. Means v. Brickell, 2 Hill, 657, was an action to recover on purchase-money notes, and it was held that offset would be allowed for deficiency in acreage, where it appeared that the sale was by the acre and that the amount of the notes was the result of mistake induced by the innocent misrepresentations of the vendor as to quantity. This was in effect nothing more than allowing a well-recognized equitable defense to be asserted in an action at law. Atlanta, etc., R. Co. v. Victor Mfg. Co., 93 S. C. 399, 76 S. E. 1091, applied a well-recognized principle of the law of estoppel. The opinion in Shuler v. Williams, 112 S. C. 349, 99 S. E. 819, contains an expression to the effect that false representations, reasonably relied on, would constitute ground of recovery, irrespective of whether they were knowingly made or not; but no distinction was drawn between the rule in law and the rule in equity, and the case decided merely that the evidence did not establish that the representations therein were reasonably relied on, and that verdict should have been directed for defendant. It is authority only for the proposition that false representations, not reasonably relied upon, will not furnish the basis of an action at law. Fairey v. Love, 127 S. C. 386, 121 S. E. 263, held that action could not be maintained against a real estate agent for error in pointing out the boundaries of a lot, where it did not appear that the purchaser sustained damage as a result thereof. Wallace v. Mobley, 120 S. C. 261, 112 S. E. 264, was a case involving a sale of land in gross, and it was held that the purchaser was not entitled to recover for a deficiency in acreage. Ruberg v. Brown, 50 S. C. 397, 27 S. E. 873, was an action for fraud and deceit in which scienter was distinctly alleged, and it was held that fraud might be predicated of false expressions of opinion by a person having special knowledge of the subject, where the person to whom they were made was ignorant of the subject, had unequal means of information and relied upon them to his injury. None of these cases lend support to the position that innocent misrepresentation can form the basis of an action at law for damages.

Some cases upon which plaintiff relies do hold that misrepresentations, though innocent, may form the basis of an action at law; but these cases all relate to the sale of personalty, and in all of them the representations relied upon amounted to warranties in the contract of sale, within the rule as laid down in Osgood v. Lewis, 2 Har. & G. (Md.) 495, 518, 18 Am. Dec. 317, quoted with approval in Shippen v. Bowen, supra, 122 U. S. 575, 581, 7 S. Ct. 1283, 1285 (30 L. Ed. 1172), that "any affirmation of the quality or condition of the thing sold (not uttered as matter of opinion or belief), made by the seller at the time of sale, for the purpose of assuring the buyer of the truth of the fact affirmed, and inducing him to make the purchase; if so received and relied on by the purchaser, is an express warranty. And in cases of oral contracts, on the existence of these necessary ingredients to such a warranty, it is the province of the jury to decide, upon considering all the circumstances attending the transaction."

Thus the case of Bouknight v. Mitchell, 132 S. C. 40, 129 S. E. 134, involved a representation by the assignor of a chattel mortgage that the mortgaged property was not subject to prior incumbrances. Eureka Elastic Paint Co. v. Bennett-Hedgepeth Co., 85 S. C. 486, 67 S. E. 738, involved representations as to quality made in the sale of paint. Poag v. Charlotte Oil & Fertilizer Co., supra, a quotation from which plaintiff prints in his brief in large type, dealt with the sale of cotton seed hulls. While representations in the sale of personalty may constitute warranties and serve as the basis of an action at law for breach of warranty or false warranty, such representations in the sale of realty come within the rule, which we have already discussed, that prior negotiations are merged in the written contract of sale or deed and that, if the purchaser desires to protect himself as to such matters as quantity, he must have inserted in the deed or contract a proper warranty to that end.

In short, none of the cases upon which plaintiff relies establishes any principle upon which a recovery in the case at bar could be sustained. As previously stated, the complaint shows the sale of timber in gross without warranty, and, as said in Mitchell v. Pinckney, supra, omission to warrant disproves intention to warrant. It is hard to imagine a clearer case of a contract of hazard than is presented here. It is true that it is alleged that the seller made representation as to the quantity shown by the estimates; but it is also alleged that he represented that in his opinion the quantity was greater than shown thereby, and that the purchaser bought in gross, instead of buying by the foot or asking a warranty of quantity. He evidently bought in gross, either because he thought to

profit by so doing, or because he was willing to take the chance of a purchase in gross for other reasons. If it had turned out that there were 24,000,000, or even 30,000,000, feet of timber conveyed by the deed, the seller would not have been allowed to recover for the excess, for the simple reason that he took the chance of there being an excess when he made the sale in gross; and for like reason we think that there can be no recovery by the purchaser on account of the deficiency. To allow the plaintiff to recover on account of the alleged representation as to quantity without allegation of fraud would be to give him the benefit of a warranty of quantity where he bought in gross without such warranty, and to enable him to establish such warranty by parol. We know of no decision supporting the right to recover in such case.

Plaintiff did not avail himself of the suggestion of the trial judge that the complaint be amended and the cause transferred to the equity docket, and it is therefore unnecessary that we discuss its insufficiency viewed as a bill in equity. For the reasons stated, we think that it failed to state a cause of action at law, and that the demurrer was properly sustained. There was no error, and the judgment of the District Court is affirmed.

Affirmed.