## LATTA et al. v. GRANGER.

(Circuit Court of Appeals, Eighth Circuit. May 6, 1895.)

### No. 446.

1. APPEAL—DECISION AND MANDATE—DUTY OF COURT BELOW—ACCOUNTING OF RENTS AND PROFITS—CONFLICTING EVIDENCE.

One H. leased from plaintiff a lot in the Hot Springs reservation, Ark., but was subsequently ousted by the United States under claim of superior title. He then leased the lot from the United States, and afterwards purchased it according to an award made by the commissioners appointed to adjust conflicting land claims in the reservation. Act March 3, 1877 (19 Stat. 377). Afterwards, plaintiff obtained a decree against H.'s grantees, declaring that they held the title in trust for him, and requiring conveyance thereof. On appeal, the supreme court confirmed plaintiff's title, but reversed the decree because the account of rents and profits had not been properly stated, saying, in substance, that rents and profits should not be allowed prior to the commencement of the suit, and that no increased rent should be allowed on account of improvements. *Held*, that this decree merely directed the circuit court to ascertain the fair rental value, and plaintiff was not entitled to have the rents measured by the terms of the original lease from him to H.

2. SAME—REVIEW—CONFLICTING EVIDENCE—PRESUMPTIONS.
    Findings of fact by the trial court upon conflicting evidence are pre-
    sumptively correct, and will not be reversed when not unreasonable in
    themselves or not clearly in conflict with the preponderance of the evi-
    dence.

Appeal from the Circuit Court of the United States for the East-
ern District of Arkansas.

The material facts out of which this suit arises are as follows: On June
26, 1875, the appellant's testator, William H. Gaines, being in possession of
lot sixteen (16) in block sixty-eight (68) of the city of Hot Springs, Ark., un-
der a claim of ownership, leased the lot for one year, with the right of re-
newal from year to year, to Perry Huff. Huff occupied the lot under said
lease until June 1, 1876, when the United States took possession of the lot
as property belonging to the United States, ousted the then occupants, and
subsequently leased the lot to Huff through the agency of a receiver appointed
by the court of claims. On March 17, 1880, Huff sold all his right, title, and
interest in the lot to Vina Granger, the present appellee, and to Eva M.
James, the latter persons well knowing that all of Huff's interest in the lot
was derived from the aforesaid leases from Gaines and from the United
States. Subsequently the commissioners appointed pursuant to the act of
March 3, 1877 (19 Stat. 377, c. 108), to adjust conflicting claims to land sit-
uated within the Hot Springs reservation, awarded to Perry Huff the right
to purchase the lot now in controversy, and the latter purchased the same,
and received a patent therefor from the United States. After the decision in
Rector v. Gibbon, 111 U. S. 276, 4 Sup. Ct. 605, to wit, on May 23, 1884, this
action was begun by the present appellants against Perry Huff, Eva M. James,
and Vina Granger to compel them to transfer the legal title so as aforesaid
acquired from the United States to the appellants, upon the ground that the
legal title acquired by them from the government was held in trust for the
appellants. A decree as prayed for was rendered by the circuit court against
the appellee, Vina Granger, in April, 1887, the suit having been theretofore
discontinued as against Huff and James. From said decree an appeal was
prosecuted to the supreme court of the United States by the appellee. By the
decision of the supreme court on such appeal the present appellants' right to
the lot in controversy was established and confirmed, but the decree in their
favor was reversed, because the account as to rents and profits had not been
properly stated, and because the allowances in that behalf made were deemed
inequitable. The decision of the supreme court is reported under the title of
Goode v. Gaines, 145 U. S. 141, 154, 12 Sup. Ct. 839. The second trial of the
case resulted in a decree against the appellants for $2,316.23, that being the
sum which the master found had been paid by the appellee, Vina Granger,
for taxes and for improvements made on the lot, and in obtaining a title to
the land from the United States, over and above the sum justly chargeable
to her on account of rents and profits. From the last-mentioned decree the
appellants have prosecuted an appeal to this court.

U. M. Rose (W. E. Hemingway and G. B. Rose, on the brief), for
appellants.

John McClure, for appellee.

Before SANBORN and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, deliv-
ered the opinion of the court.

The present appeal presents but two questions for our considera-
tion. The first is whether the master should have computed the
rents of the property in controversy at the rate specified in the
lease from Gaines to Huff of date June 26, 1875; and the second is.
whether the sum allowed by the master on account of rents was
too small, even though the aforesaid lease does not govern in de-

termining the rental value of the property. The appellants maintain the affirmative of both of these propositions.

It will be observed by reading the opinion rendered in this case on the former appeal to the supreme court of the United States (vide Goode v. Gaines, 145 U. S. 141, 154, 12 Sup. Ct. 839), that the first decree was reversed because the allowance in favor of the present appellants on account of rents was deemed excessive and inequitable, in view of the peculiar relations of the parties to the suit, and the cause was remanded to the circuit court solely for the purpose of having the rent account restated. The lease executed by Gaines in favor of Huff was described in the bill of complaint, and the terms and conditions thereof, as well as the amount of rent therein reserved, could not have escaped judicial observation. Nevertheless, no direction was given to the circuit court to cause the rents on a second hearing to be computed at the rate reserved in the lease, nor was any intimation given to that effect. After pointing out the circumstances that had given rise to the litigation, and after alluding to the fact that the defendants had not acted knavishly or in bad faith, the supreme court said, in substance, that the defendants ought not to be charged with the rents prior to May 23, 1884, that being the date when the suit was instituted; that they should simply be charged with the rental value after that date, and that "no increased rents should be allowed on account of the improvements." If the court had intended that the rents should be computed at the rate fixed in the lease, and that the lease should control in estimating the rental value, it is obvious that the clause above quoted from the opinion would have been entirely unnecessary. We think, therefore, that the decision directed the circuit court, in effect, to ascertain the fair rental value of the lot without reference to the rent reserved in the original lease, and upon that theory the circuit court evidently acted.

It may be well to observe, in support of the view which appears to have been taken by the supreme court, that, inasmuch as the appellee, Vina Granger, bought the lot in controversy from Huff in the year 1880, after the latter had been ousted of possession under the lease, and had attorned to the United States, the true owner, it is by no means apparent that any such privity existed between her and the original lessor, Gaines, as would, in any event, render her amenable to the provisions of the lease and liable for the rent therein reserved. But, be this as it may, it was clearly the duty of the circuit court to follow the directions given by the supreme court in the opinion delivered on the first appeal, and, having done so, no error was committed of which the appellants can be heard to complain on the present appeal.

With respect to the second question above proposed, it is sufficient to say that the evidence contained in the record is not of such character as would warrant us in overruling the finding of the circuit court, and the finding of the master as well, with respect to the rental value of the property in controversy. In Warren v. Burt, 12 U. S. App. 591, 600, 7 C. C. A. 105, 58 Fed. 101, this court said that where the trial court has considered conflicting evidence, and made

its finding thereon, the finding must be taken as presumptively correct, and must be permitted to stand, unless an obvious error has intervened in the application of the law, or some serious or important mistake has been made in the consideration of the evidence. To the same effect are the decisions in Tilghman v. Procter, 125 U. S. 136, 8 Sup. Ct. 894; Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355; Donnell v. Insurance Co., 2 Sumn. 371, Fed. Cas. No. 3,987; Richards v. Todd, 127 Mass. 172. In the present case, we cannot say that the circuit court obviously erred in assessing the rental value of the property. The question was one with respect to which different minds might well entertain different views, and the testimony with respect to the rental value was conflicting. The conclusion reached by the circuit court is not in itself unreasonable, and is not clearly in conflict with the preponderance of evidence. It must, therefore, be allowed to stand. The decree of the circuit court is hereby affirmed.