### SNIDER et al. v. DOBSON et al.

(Circuit Court of Appeals, Eighth Circuit.  May 11, 1896.)

#### No. 772.

APPEAL—QUESTION OF FACT—FINDING OF CIRCUIT COURT.

Where a decision of the circuit court turns solely upon an issue of fact, and the evidence is fully adequate to justify the finding made by the court, though different, unprejudiced minds might draw from it different inferences and reach different conclusions, the circuit court of appeals will not overrule such finding, or reverse the decree entered thereon.

Appeal from the Circuit Court of the United States for the District of Minnesota.

Judson N. Cross (Henry G. Hicks, Frank H. Carleton, and Norton M. Cross with him on the brief), for appellants.

Arthur M. Keith and Robert G. Evans (Lewin W. Barringer, Charles T. Thompson, and Edwin K. Fairchild with them on the brief), for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge.  This suit was brought by John Dobson and James Dobson, the appellees, against Samuel P. Snider, Austin F. Kelley, and the Union National Bank of Minneapolis, the appellants, to cancel two deeds conveying large tracts of pine land, situated in Hubbard and Cass counties, Minn., on the ground that they had been fraudulently contrived and executed. The deeds, which were absolute conveyances in fee simple, were executed by the defendant Samuel P. Snider on November 21, 1890, in favor of the defendant Austin F. Kelley, who was vice president of the Union National Bank, to secure an indebtedness of Snider to said bank in the sum of about $44,000. Said conveyances were not filed for record in the counties where the pine lands were situated until November 23, 1891, and December 5, 1891, respectively. In the meantime—that is to say, in May, 1891—Snider executed and negotiated two notes in the sum of $5,000 each, which were purchased by the complainants below some time in the month of July, 1891, as they claimed, in the belief that Snider was still the owner of the pine lands in question. These notes matured on November

4, and November 11, 1891, respectively, and were not paid, and shortly thereafter the deeds conveying the pine lands, which were then held by the Union National Bank, were filed for record in the proper counties. Subsequently the complainants below recovered a judgment on said notes in the sum of $10,295.82, and, as judgment creditors of Snider, they commenced the present suit to have the deeds adjudged to be fraudulent and void, so far as they were concerned. The facts are more fully stated in the opinion of the trial judge. Dobson v. Snider, 70 Fed. 10. The lower court granted the relief prayed for in the bill, and the case is before us on an appeal from that decree.

In the circuit court the decision turned solely upon an issue of fact, the question being whether the two deeds now in controversy were withheld from record by the bank in compliance with a secret understanding between Samuel P. Snider and said bank that they should be so withheld from record, for the purpose of protecting the grantor's credit, and giving him a reputation for large means with the business world. The circuit court decided this issue in the affirmative, and for that reason adjudged the deeds to be void. We have carefully read and considered all the testimony contained in the record, and have reached the conclusion that there were facts and circumstances developed on the hearing of the case which were fully adequate to warrant the inference that the circuit court appears to have drawn. The issue being one of fact, it would subserve no useful purpose to narrate the evidence in detail. It will suffice to say that the testimony was of such nature, and the circumstances under which the deeds were executed were of such character, that different, unprejudiced minds might with equal reason draw different inferences and reach different conclusions. This court, however, has repeatedly declared that where a master or chancellor has considered conflicting evidence, and made a finding thereon, the finding will be taken as presumptively correct, and will be permitted to stand, unless an obvious error has intervened in the application of the law, or some serious and important mistake appears to have been made in the consideration of the evidence. Warren v. Burt, 12 U. S. App. 591, 600, 7 C. C. A. 105, 58 Fed. 101; Latta v. Granger, —— U. S. App. ——, 15 C. C. A. 228, 230, and 68 Fed. 69; Paxson v. Brown, 27 U. S. App. 49, 10 C. C. A. 135, 144, and 61 Fed. 874; Stuart v. Hayden, 18 C. C. A. 618, 72 Fed. 402, 408; McKinley v. Williams (decided April 17, 1896) 74 Fed. 94. The same rule has been announced and acted upon by the supreme court of the United States on several occasions. Tilghman v. Proctor, 125 U. S. 136, 8 Sup. Ct. 894; Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355; Evans v. Bank, 141 U. S. 107, 11 Sup. Ct. 885; Furrer v. Ferris, 145 U. S. 132, 134, 12 Sup. Ct. 821. See, also, Richards v. Todd, 127 Mass. 172, and Donnell v. Insurance Co., 2 Sumn. 371, Fed. Cas. No. 3,987. We have concluded, therefore, that, inasmuch as the case turned upon an issue of fact, and inasmuch as the evidence was fully adequate to justify the finding made by the trial judge, it should be allowed to stand. The decree of the circuit court is accordingly affirmed.