DENVER & R. G. R. CO. v. RISTINE, Receiver.[a]

(Circuit Court of Appeals, Eighth Circuit. November 2, 1896.)

No. 723.

1. EVIDENCE—VERBAL CONTRACT VOID UNDER STATUTE OF FRAUDS — INJUNCTION SUIT.

A verbal contract, though void under the statute of frauds, may still be proved, in resistance to a suit for an injunction, for the purpose of showing that it would be inequitable to grant it.

2. STATUTE OF FRAUDS—VERBAL CONTRACT—PART PERFORMANCE.

The D. R. R. Co., being about to extend its road across the tracks of the C. R. R. Co., the latter obtained an injunction to restrain it from doing so. Thereupon, a verbal agreement was made between the two roads, by which each was to be permitted to cross the tracks of the other at certain points. The C. Co. then dismissed its injunction, and permitted the D. Co. to cross its tracks. Afterwards the C. Co. expended large sums in procuring right of way and grading track to a crossing over the D. Co.'s line, but the latter applied to enjoin it from making the crossing. Held, that the verbal contract, if within the statute of frauds, had been taken out of it by the C. Co.'s part performance.

Appeal from the Circuit Court of the United States for the District of Colorado.

Henry F. May (Edward O. Wolcott and Joel F. Vaile were with him on the brief), for appellant.

Henry T. Rogers, for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

[a] Rehearing denied December 14, 1896.

CALDWELL, Circuit Judge.    The Denver & Rio Grande Railroad Company and the Colorado Midland Railroad Company each had roads running to the mining town of Aspen, in the state of Colorado.    The former desired to extend its road at that place across the track of the latter to the Durant ore bins, and the latter desired to extend its road across the track of the former to the Cowenhoven tunnel.    The Denver & Rio Grande Company being about to cross the track of the Colorado Midland Company with its road, the latter obtained from the proper state court an injunction enjoining it from so doing.    The companies then entered upon negotiations, which resulted in a verbal agreement that each company might extend its road across the track of the other, and thereupon, in consideration of this agreement, the Colorado Midland Company dismissed its injunction, and permitted the Denver & Rio Grande Company to extend its road across its track.    Later, when the receiver of the Colorado Midland Railroad was about to extend the track of that road across the track of the Denver & Rio Grande, the latter company filed this bill or petition, in the court which appointed the receiver, praying that he be enjoined from so doing.

There is some conflict in the testimony as to the exact point at which the Colorado Midland road was to cross the track of the Denver & Rio Grande Company, but the circuit court found the agreement was made substantially as we have stated, and that the point at which the Colorado Midland proposed to make the crossing was within the limits agreed upon, and we are satisfied with that finding. The well-settled rule is that the findings of the lower court on an issue of fact should be taken as presumptively correct, and that a decree should be permitted to stand, unless some obvious error has intervened in the application of the law, or some serious or important mistake has been made in the consideration of the evidence.    Warren v. Burt, 12 U. S. App. 591, 600, 7 C. C. A. 105, and 58 Fed. 101; Gaines' Ex'r v. Granger, 32 U. S. App. 342, 15 C. C. A. 228, and 68 Fed. 69; Paxson v. Brown, 27 U. S. App. 49, 10 C. C. A. 135, 144, and 61 Fed. 874; Stuart v. Hayden, 18 C. C. A. 618, 72 Fed. 402; Snider v. Dobson, 21 C. C. A. 76, 74 Fed. 757; Tilghman v. Proctor, 125 U. S. 136, 8 Sup. Ct. 894; Camden v. Stuart, 144 U. S. 104, 12 Sup. Ct. 585; Crawford v. Neal, 144 U. S. 585, 596, 12 Sup. Ct. 759; Furrer v. Ferris, 145 U. S. 132, 12 Sup. Ct. 821; Cheney v. Bilby, 20 C. C. A. 291, 74 Fed. 52; Kimberly v. Arms, 129 U. S. 512, 9 Sup. Ct. 355; Evans v. State Bank, 141 U. S. 107, 11 Sup. Ct. 885; Ottenberg v. Corner (present term) 76 Fed. 263.

Assuming the verbal contract for the crossing of each other's track to be proved, the appellant insists that it is void under the statute of frauds, and that the appellee can claim no benefit from it in this suit.    This contention rests on a misconception of the nature of this suit.    This is not a suit by the Colorado Midland Company to enforce specific performance of the verbal agreement.    It is a bill brought by the Denver & Rio Grande Company to enjoin the Colorado Midland Company from crossing its track.    The Denver & Rio Grande Company is the complainant in the case, and the Colorado Midland Company the defendant.    The burden is on the former

company to show that it is justly and equitably entitled to the relief it seeks. Any evidence which shows that it would be inequitable to grant the injunction prayed for is admissible as matter of defense, whether it be written or oral, and whether it would or would not be sufficient to warrant a decree for a specific performance in a suit brought by the Colorado Midland Company to obtain that relief. When parol evidence is offered to prove a contract within the statute of frauds, in resistance to a suit for injunction, it does not contravene the statute. Jarrett v. Johnson, 11 Grat. 327. A contract within the statute of frauds is not illegal, but only not capable of being enforced. The statute was enacted for the purpose of preventing fraud, and not for the purpose of aiding in its perpetration. Whenever, therefore, the evidence shows that to grant the injunction would be to aid the complainant in the perpetration of a fraud upon the defendant, the injunction will be denied. It is no objection to such evidence that it also proves a contract within the statute of frauds. The statute of frauds cannot, by shutting out parol evidence in such a case, be converted into an instrument of fraud or wrong. Pom. Eq. Jur. § 858, and note 2. The complainant will not be heard to say that evidence showing that the relief it seeks is inequitable and unjust must not be considered by the court, because it establishes or tends to establish a contract within the statute of frauds. One who asks the active interposition of a court of equity in his behalf must come with clean hands, and must be as ready to do equity as he is to ask it. Having obtained the benefits that would accrue to it under the verbal agreement, the Denver & Rio Grande Company asks the court to enjoin the Colorado Midland Company from taking or enjoying the benefits that would accrue to it under that agreement. A court of equity will not exercise its extraordinary powers in favor of a complainant under such circumstances, although the agreement is within the statute of frauds.

Moreover, if the agreement was within the statute, it was taken out by part performance. The Colorado Midland Company performed the contract on its part. It dismissed its injunction against the Denver & Rio Grande Company, and gave the latter company license to cross its track. In reliance upon the contract, it expended large sums of money in procuring the right of way and grading its track to the point of crossing, and was in the act of crossing when this bill was filed. Upon these facts, it would seem that the Colorado Midland Company might enforce a specific performance of the contract. Courts of equity will enforce a specific performance of a contract within the statute where the parol agreement has been partly carried into execution. The distinct ground upon which courts of equity interfere in cases of this sort is that, otherwise, one party would be able to practice a fraud upon the other, and it could never be the intention of the statute to enable any party to commit such a fraud with impunity. And where one party has executed his part of the agreement in the confidence that the other party would do the same, it is obvious that, if the latter should refuse, it would be a fraud upon the former to suffer this refusal to work to his prejudice. Story, Eq. Jur. § 759; Pom. Cont. § 104.

The decree of the circuit court is affirmed.