LANSING et al. v. STANISICS et al.

(Circuit Court of Appeals, Eighth Circuit. April 10, 1899.)

No. 1,100.

REVIEW—CONFLICTING EVIDENCE—FINDINGS OF FACT.

The findings of the chancellor on a question of fact will not be disturbed, unless clearly shown to be against the weight of evidence.

Appeal from the Circuit Court of the United States for the District of Nebraska.

Suit by Theodore Stanisics, as trustee, against James F. Lansing and Emma Lansing, to foreclose a mortgage. Judgment for plaintiff, and defendants appeal. Affirmed.

Lionel C. Burr (Charles L. Burr, on brief), for appellants.

Alfred W. Scott, for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. The appellee filed in the court below his bill to foreclose a mortgage on lots in Lincoln, Neb., given to secure a note for $2,000, and $41.20 taxes. The appellants answered that, after the execution and delivery of the note and mortgage, they were altered and changed by inserting in each instrument the words "of Chicago, Ill.," and "in gold coin." The connection in which these words occur in the instrument is this: The note reads:

"On the second day of April, 1898, I promise to pay Theodore Stanisics (trustee), *of Chicago, Ill.*, or order, two thousand (*in gold coin*) dollars."

It is claimed the italicized words are interpolated. The plaintiff denied that the instrument had been altered. The evidence on the issue thus raised is conflicting. The learned chancellor of the circuit court found the issue in favor of the plaintiff, and decreed a foreclosure of the mortgage. The finding of the chancellor in the lower court on a question of fact is presumptively right, and will not be disturbed unless the appellate court can clearly see that it is opposed to the weight of evidence. Snider v. Dobson, 40 U. S. App. 111, 21 C. C. A. 76, and 74 Fed. 757. We have read very carefully all the evidence in this case, and are not able to say that the lower court erred in its finding; indeed, we think its finding is supported by the weight of the evidence. The decree of the circuit court is affirmed.