GORHAM MFG. CO. v. EMERY-BIRD-THAYER DRY-GOODS CO. et al.

(Circuit Court of Appeals, Eighth Circuit.   October 9, 1900.)

No. 1,312.

1. UNFAIR COMPETITION—FRAUD AND DECEIT THE FOUNDATION OF ACTION FOR.
   The basis of a suit for unfair competition in trade is fraud. To warrant relief in such a suit, there must be proof of the fraudulent intent to palm off the goods manufactured by others as those manufactured by the plaintiff, or proof of facts and circumstances from which such an intent and fraud may be fairly inferred.[1]

2. APPEAL—DECREE PRESUMPTIVELY CORRECT.
   When a court has considered conflicting evidence, and made its finding and decree thereon, they must be taken as presumptively correct, unless an obvious error has intervened in the declaration of the law, or some serious mistake has been made in the consideration of the evidence.

3. EQUITY—RULING ON OBJECTIONS TO EVIDENCE—NECESSITY.
   A ruling by the trial court upon objections to evidence in equity must be obtained or refused, an exception taken, and these proceedings must appear in the record, to warrant a consideration of the questions they suggest in an appellate court.

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the Western District of Missouri.

For opinion below, see 92 Fed. 774.

Rufus J. Delano (W. H. Brown, Benjamin H. Chapman, and Philip S. Brown, on the brief), for appellant.

John L. Peak, for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge.   This is a suit in equity brought by the appellant, Gorham Manufacturing Company, a corporation, against the appellees, Emery-Bird-Thayer Dry-Goods Company, another corporation, and others, to enjoin them from palming off the silverware of other manufacturers as that made by the appellant, and known as "Gorham silverware," or as "silverware made by Gorham Manufacturing Company." The appellant alleged in its bill that the appellees had been and were deceiving the public and their customers by selling to them silverware of another manufacture as Gorham silver or Gorham silverware, which was well known in the market to be silverware of its manufacture, and of a superior quality and character. The appellees denied the averments of the bill. The evidence was conflicting and voluminous. It occupies 274 printed pages of the record. A recital of this evidence would not be instructive, and it is sufficient to say that the case of the appellant rested upon these four charges:

[1] Unfair competition in trade, see notes to Scheuer v. Muller, 20 C. C. A. 165, and Lare v. Harper & Bros., 30 C. C. A. 376.

(1) That on one occasion the clerks of the appellees represented to one Frances MacGillis that silverware manufactured by others was made by the appellant. But this charge is denied by the clerks, and it is supported by the testimony of Frances MacGillis alone. (2) That the clerk of the appellee who had charge of its silver department sold 18 spoons which were made by some other manufacturer as spoons made by the appellant. And, although denied by the clerk, this charge is, in our opinion, sustained by the evidence. (3) That this managing clerk, at the request of an agent of the appellant, who had bought spoons of her, falsely marked them "Gorham" spoons, when she and the agent both knew that they were not such. And (4) that another clerk of the appellee sold to counsel of the appellant a spoon made by another manufacturer as one made by the appellant. But this clerk was a new and incompetent salesman, who did not know the difference between goods manufactured by the appellant and those made by other manufacturers, and he was discharged for the misrepresentation he made, the day following his sale. In this state of the evidence, the only incident upon which a decree for the appellant could be lawfully based is that described in the second charge; and this is met by the testimony of the managers of the appellee that they never made, themselves, and never permitted their clerks to make, any misrepresentation respecting the manufacture of the goods they sold, and that, if any such misdescription or misrepresentation was made, it was either through the mistake or the misfeasance of some one of their employés, without knowledge or intent upon their part. Such testimony as this would undoubtedly be insufficient to overcome evidence of a course of action, or of several fraudulent sales by the clerks of the appellees. In the presence of established facts, evidence of this character must be carefully scrutinized, and credited with caution. Nevertheless, this suit is based on fraud. Its foundation is unfair, fraudulent competition, and the intent to deceive is an indispensable element in the fraud which warrants the relief sought. This intent and the fraud in which it inheres may be, and generally must be, proved by circumstances, by facts, by sales, by a course of action. But the facts and circumstances which establish it must be such that the fraud and the intent to deceive the public are fairly inferable from them. Lawrence Mfg. Co. v. Tennessee Mfg. Co., 138 U. S. 537, 549, 11 Sup. Ct. 396, 34 L. Ed. 997. The court below reached the conclusion that the fraud charged in this suit was not proved. When the trial court has considered conflicting evidence, and made its finding and decree thereon, they must be taken as presumptively correct, unless an obvious error has intervened in the application of the law, or some serious mistake has been made in the consideration of the evidence. Warren v. Burt, 58 Fed. 101, 106, 7 C. C. A. 105, 110, 12 U. S. App. 591, 600; Latta v. Granger, 68 Fed. 69, 72, 15 C. C. A. 228, 230, 32 U. S. App. 342, 346; Paxson v. Brown, 61 Fed. 874, 883, 10 C. C. A. 135, 144, 27 U. S. App. 49, 62; Stuart v. Hayden, 72 Fed. 402, 408, 18 C. C. A. 618, 623, 36 U. S. App. 462, 473; McKinley v. Williams, 74 Fed. 94, 102, 20 C. C. A. 312, 320, 36 U. S. App. 749, 762; Snider v. Dobson, 74 Fed. 757, 758, 21 C. C. A. 76, 77, 40 U. S. App. 111, 113. There was no misinterpreta-

tion or misapplication of the law by the court below, and a careful reading and consideration of all the evidence have failed to persuade us that the proof of the appellees' intentional deception and fraud in this case is so clear that we can justly say that the trial court made a mistake in its conclusion upon this question of fact. As this is the only question in the case, the decree below must be affirmed.

It has not escaped our attention that several specifications of error were leveled at certain evidence to which objections were made before the notary who took the testimony. But we have searched the record in vain for any indication that these objections were ever ruled upon, or called to the attention of the court either before or at the hearing. If the consideration by an appellate court of the objections to evidence merely noted in the taking of testimony in equity is desired, such objections must in some way be called to the attention of the trial court. A ruling upon them must be obtained or refused, and an exception taken, and these proceedings must be spread upon the record, because an appellate court cannot declare that the court below has erred in a ruling that it has never made upon a question which was never presented to it. Rule 13, Sup. Ct. (3 Sup. Ct. x.); Goodwin v. Fox, 129 U. S. 601, 630, 9 Sup. Ct. 367, 32 L. Ed. 805. Moreover, a careful perusal of all the evidence concerning the admission of which any question has been made has convinced us that, whether that evidence was admitted or rejected, the result in this case must have been the same, and the bill of the appellant must have been dismissed. The decree below is affirmed.