### DAVIESS COUNTY DISTILLING CO. v. MARTINONI.

(Circuit Court, N. D. California. July 14, 1902.)

#### No. 12,910.

1. UNFAIR COMPETITION—WHEN ACTION LIES.

   Action for unfair competition, in that defendant sold whisky labeled "Kentucky Club Bourbon," while complainant had previously used the label "Kentucky Club," cannot be maintained; there being no intent by defendant to palm off his goods as manufactured by complainant, his label not being otherwise similar to complainant's, and bearing his own name, and no damage to complainant being shown.

In Equity.

Scrivner & Hopkins, for complainant.

Morrison & Cope, for defendant.

MORROW, Circuit Judge. This is a suit in equity, brought by the complainant, a Kentucky corporation, against the defendant, a citizen of California, for the alleged infringement of a trade-mark, and for fraudulent and unfair competition. The bill alleges that the complainant's predecessors many years ago adopted certain formulæ for the distillation of a pure and wholesome whisky, which product was made at a certain distillery in Daviess county, Ky., of which complainant is now the owner, and is still made at that distillery, according to the same formulæ, and is of the highest excellence; that for upwards of

¶ 1. Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

20 years last past the complainant and its predecessors have been engaged continuously in producing at said distillery a whisky known as and named "Kentucky Club" whisky; that said words "Kentucky Club" are a valid and subsisting trade-mark, indicative of the origin and ownership of said whisky, and is of a value of over $5,000. It is alleged that the defendant has infringed this trade-mark by applying to whisky not distilled by the complainant the said words "Kentucky Club." It is further alleged that the defendant has instituted an unfair and fraudulent competition with the complainant, in that he has continuously for a number of years past been palming off upon the public an inferior and spurious whisky, in the Northern district of California and elsewhere, under the name of "Kentucky Club," thereby falsely and fraudulently representing to the public that his whisky was that of the complainant. It is charged that by means of this trick and fraud the defendant has sold great quantities of an inferior and unwholesome compound, and has inflicted great loss, injury, and damage upon the complainant.

A demurrer was sustained to the first count of the bill, in which protection was claimed for the use of the words "Kentucky Club" as a trade-mark, thus eliminating the element of a technical trade-mark, and leaving the action dependent solely upon the alleged unfair competition by the defendant.

The defendant denied generally the charges of the complaint, and as matter of defense alleged that on the 1st day of December, 1896, prior thereto, and ever since that time, he was and has been continuously engaged in the wholesale liquor business in the city and county of San Francisco, state of California; that, being desirous of appropriating a trade-mark and label for a certain brand of whisky which he was then contemplating placing upon the market, he selected the words "Kentucky Club Bourbon," and upon learning from the secretary of state of California that no claim to a trade-mark for such words had ever been made in the state, the defendant caused to be filed in the office of said secretary of state an affidavit stating that he was in the exclusive use and possession of a certain trade-mark containing said words, and thereafter received notice that his said trade-mark and label were duly registered in said office. The defendant alleges that at no time prior to the registration of said trade-mark, and not until a month or two prior to the commencement of this action, did he have any knowledge of or information concerning the use by the complainant of the words "Kentucky Club," nor had he heard of complainant's whisky vended under said name. It is alleged that the labels and markings of defendant's goods are entirely dissimilar to and different from those of complainant, and that defendant has never sold any whisky under the name "Kentucky Club" which did not bear in prominent letters defendant's own name and address. It is further alleged that the whisky sold by defendant as "Kentucky Club Bourbon" is a blend of which a Kentucky whisky comprises all but 2 per cent. That such Kentucky whisky is imported from Kentucky by defendant, purchased from Jesse Moore-Hunt Company. It is alleged that defendant's transactions in and concerning his "Kentucky Club Bourbon"

have been wholly fair at all times, and that he has never at any time sold his article or any other whisky as and for the product of complainant. That he has always sold it as a blend of his own, and all purchasers from him have had knowledge that it was such.

It has long been settled that in cases of unfair competition the action is based upon deception, unfairness, and fraud, and that this fraud should be generally proved, and not left to inferential evidence alone. This rule is far more strictly followed in cases of unfair competition than in cases involving a technical trade-mark, where fraud will be presumed from the wrongful use of the trade-mark, without regard to the intent. The United States courts have repeatedly held the intent to deceive the public an indispensable element in the fraud charged in unfair competition, and that "this intent and the fraud in which it inheres may be, and generally must be, proved, by circumstances, by facts, by sales, by a course of action." Gorham Mfg. Co. v. Emery-Bird-Thayer Dry Goods Co., 43 C. C. A. 511, 104 Fed. 243; Hilson Co. v. Foster (C. C.) 80 Fed. 897. In the case at bar the evidence clearly shows that there was no intent on the part of the defendant to palm off his goods as those manufactured by the complainant, or any intent whatever to mislead or deceive the public with regard thereto. The question of intent, therefore, being removed from consideration, complainant could only have relief from its alleged wrongs if the acts of the defendant, however innocent in intent, resulted in such damage to complainant as will be taken cognizance of by courts of equity.

It appears from the evidence that at the time of the adoption of the words "Kentucky Club Bourbon" as a trade-mark by defendant, the complainant was selling very little, if any, of its "Kentucky Club" whisky in this city and county, and that even at the time this suit was brought the complainant's product was not known to many of the largest liquor dealers here. They testified that they had never come in contact with it, and their only acquaintance with it was in the printed lists or quotations of some liquor publications. The complainant itself does not show that it has lost any sales by reason of defendant's product. Under these conditions, no misrepresentation to the public having been shown, and no damage to the complainant by the alleged invasion of its private rights, the elements of an action for unfair competition are wholly wanting. Centaur Co. v. Marshall (C. C.) 92 Fed. 605; American Washboard Co. v. Saginaw Mfg. Co., 43 C. C. A. 233, 103 Fed. 281, 50 L. R. A. 609; Goodyear's India Rubber Glove Mfg. Co. v. Goodyear Rubber Co., 128 U. S. 598, 604, 9 Sup. Ct. 166, 32 L. Ed. 535.

Let a decree be entered for the defendant.