## MEMPHIS & NEWPORT PACKET CO. v. HILL.

(Circuit Court of Appeals, Eighth Circuit. April 13, 1903.)

No. 1,799.

1. ADMIRALTY—APPEAL—FINDINGS OF FACT.
	Findings made by a court of admiralty will be adopted by the appellate court where there is evidence to support them, and no serious mistake seems to have been made in the consideration of the evidence or in deducing inferences therefrom.

2. SHIPPING—MALTREATMENT OF CREW BY TEMPORARY OFFICER—LIABILITY OF OWNER.
	A deck hand on a steamer, who has been selected by the officer in command to act as captain of the watch, and to exercise authority and control over other deck hands, is for the time being an officer of the vessel, and the owner cannot avoid liability for an assault committed by him upon another deck hand while so acting, on the ground that the two were fellow servants.

Appeal from the District Court of the United States for the Eastern District of Arkansas.

U. M. Rose, W. E. Hemingway, and G. B. Rose, for appellant.

Harry H. Myers and Ulysses S. Bratton, for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This is an appeal from a decree in an admiralty case which awarded Albert Hill, the libelant and appellee, the sum of $400 for injuries that he sustained while he was in the employ of the Memphis & Newport Packet Company, the appellant, and was serving as a deck hand on its steamer Orlando. The circumstances under which the injuries were inflicted are well stated by the trial judge, who found the facts as follows:

"That on the 25th day of January, 1901, the Memphis & Newport Packet Company, a corporation, was the owner and navigated the steamer Orlando on the Mississippi and White rivers; that the crew of said boat at that time consisted of nine officers, as follows: A master, a mate, a chief engineer and assistant engineer, two pilots, a purser, a second clerk and a watchman, and of twenty-two deck hands or rousters; that among the deck hands at that time was the libelant, and also one George Wright; that each of the rousters received as wages the amount, to wit, $35 a month and his board; that when the captain was off duty the mate was acting as master of the boat; that there was but one mate on the boat; that it was customary for the master or acting master, when freight had to be moved and loaded or unloaded from the boat, to designate one of the deck hands as the boss of the others, who would direct the freight to be moved, and direct the other hands to carry it out and act as their boss, whose orders they were required

to obey; this man was called, while thus engaged, captain of the watch; that on the 27th day of January, 1901, while the boat was being navigated, George Wright was designated by the mate, who was then acting as master, as such captain of the watch, for the purpose of having some freight, consisting of hay, moved from one part of the boat to another, and afterwards unloaded at the landing at Friars Point, Mississippi; that the libelant was one of the deck hands thus engaged under the orders of said Wright in carrying the hay; that while thus engaged he stopped for a short time for the purpose of tying a handkerchief around his neck to prevent the hay from getting inside his shirt, and that while thus engaged the said George Wright, while acting as such boss, asked why he was not carrying hay, when the libelant explained to him that he was tying a handkerchief around his neck, whereupon the said George Wright, without any cause or provocation, and for the purpose of compelling the libelant to work more. rapidly, struck him over the arm with a heavy stick, breaking his arm; that by reason thereof the libelant was unable to do any work for six months; that he suffered great pain, physical and mental, and that by reason of the breaking of his arm his earning capacity has been somewhat impaired; that his damages are $67.50 for loss of time, $200 for the decrease in earning capacity, and $132.50 for his physical and mental pains, making a total of $400."

This finding is amply supported by testimony, and we accordingly adopt it, as we have frequently held that we will do where the evidence is fully adequate to sustain a finding made by the lower court or by a master, and no serious mistake seems to have been made by the trier of the fact in the consideration of the evidence or in deducing inferences therefrom. Warren v. Burt, 7 C. C. A. 105, 110, 58 Fed. 101; Snider v. Dobson, 21 C. C. A. 76, 74 Fed. 757, and cases there cited.

The case presents but one question of law for determination by this tribunal, and that is whether the appellant can avoid liability by virtue of the familiar doctrine that a master is not liable to one of his servants in consequence of injuries sustained by reason of the negligence of another servant. This doctrine is invoked by learned counsel for the appellant, and they seek to make it applicable to the case in hand; citing in support of their contention Alaska Mining Co. v. Whelan, 168 U. S. 86, 18 Sup. Ct. 40, 42 L. Ed. 390, Tuttle v. Milwaukee Ry., 122 U. S. 189, 7 Sup. Ct. 1166, 30 L. Ed. 1114, and The Antonio Zambrana (D. C.) 89 Fed. 60.

These cases to which our attention is especially invited enunciate nothing more than the familiar doctrine of the common law that where two persons stand to each other in the relation of fellow servants of a common master, neither can hold the master responsible for injuries sustained in consequence of the negligent act of the other. But this doctrine, we think, has no application to the case in hand. The injuries complained of by the libelant were not occasioned by the negligent act of Wright while he and the libelant were working side by side as fellow servants, but they were willfully and wrongfully inflicted when Wright was acting as an officer of the boat, to wit, as captain of the watch, having been placed in that position of authority by the mate, and by virtue of holding that office had the same power to give orders to the deck hands and direct them what to do as the mate. It has been held, and we think with good reason, that where a deck hand is thus selected by the master or mate to act

as captain of the watch, and to exercise authority and control over other deck hands, he is for the time being an officer of the vessel or steamer, within the fair meaning and intent of section 5347 of the Revised Statutes [U. S. Comp. St. 1901, p. 6331], which makes it a crime for an officer of an American vessel to willfully beat or wound a member of the crew without just cause. United States v. Trice (D. C.) 30 Fed. 490. It is also a well-known rule of law that a master is responsible for a willful assault or trespass, such as the one complained of in the present instance, that is committed by his servant while the latter is immediately engaged in doing the work of the master, and is discharging those duties of the master that have been devolved upon him. Phila. & Reading R. R. Co. v. Derby, 14 How. 468, 486, 14 L. Ed. 502; Am. & Eng. Ency. of Law (2d Ed.) vol. 2, p. 990, and cases there cited.

If the mate of the steamer Orlando, while urging the crew to do their work more rapidly, had inflicted the blow which broke the libelant's arm, without just cause, the owners of the steamer would doubtless have been liable for the tort (The General Rucker [D. C.] 35 Fed. 152, 157, 158); and no good reason is perceived why the owner of the steamer should not be held liable for the same wrongful act when committed by one who at the time of the assault, by direction of the mate, who was acting as master, was exercising the authority of the mate and was for the time being an officer. It is doubtless true that a master cannot be held liable for a willful assault which one of his servants commits upon another when they are working together as fellow servants; but if such an assault is committed when, as in the present instance, the one who commits the assault is exercising over the other all the power and authority of the master, and is doing so by his appointment, we know of no reason why the master should escape liability because on some occasions the two men work side by side as fellow servants.

Finding no error in the decree of the lower court, and believing it to be for the right party, it is accordingly affirmed.