VANDERBILT et ux. v. BISHOP et al.

(Circuit Court of Appeals, Ninth Circuit. October 7, 1912.)

No. 2,087.

APPEAL AND ERROR (§ 1009*)—EQUITY SUIT—FINDINGS—REVIEW.

 Findings of the trial judge in an equity suit, based on the evidence of witnesses before him and resulting in a substantial conflict with respect to the material issues, will not be set aside on appeal.

 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3970–3978; Dec. Dig. § 1009.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

Appeal from the Circuit Court of the United States for the District of Oregon.

Suit by Oscar Vanderbilt and wife against Minette Thullen Bishop and another, in which defendants filed a cross-bill seeking equitable relief. From a decree granting the prayer of the cross-bill (188 Fed. 971), complainants appeal. Affirmed.

Jesse Stearns, of Portland, Or., and A. J. Derby, of Hood River, Or., for appellants.

Frederick V. Holman and Alfred A. Hampson, both of Portland, Or., for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This suit grew out of a contract for the sale by the appellants and the purchase by the appellees of a certain apple orchard, containing 30 acres, situated in the Hood river section of the state of Oregon, for the sum of $43,000, the terms of which sale were to be $1,000 in cash, $9,000 on or before 30 days from the date of the contract, $5,000 on or before 90 days from that date, the further sum of $5,000 on the 1st day of December, 1910, and the remaining $23,000 on or before five years from the date of the contract, all deferred payments to bear interest at the rate of 7 per cent. per annum from the termination of the period of 90 days after the execution of the contract. By the contract it was further agreed, among other things, that upon the making of the payment of $5,000 on December 1, 1910, the vendors should execute to the vendees a deed to the premises, and that the vendees should thereupon give a mortgage thereon to the sellers as security for the payment of the balance of the purchase money. The vendees made the cash payment of $1,000 and the payment of $9,000, and refused to make any other, whereupon Vanderbilt and wife commenced the present suit of foreclosure.

The defendants to the suit, who are the appellees here, denied the plaintiffs' alleged right of foreclosure, and filed a cross-complaint, in which they set up fraud and misrepresentation in respect to the property by the plaintiff Oscar Vanderbilt and one John Leland Henderson, his agent, whereby they were induced to make the agreement, and therefore prayed a rescission of the contract. The specific acts of fraud alleged in the cross-bill were that Vanderbilt and his agent, Henderson, as an inducement to the purchase, represented to the agent of the purchasers, who was Mrs. Carrie R. Schmick, that the orchard contracted for was a first-class commercial orchard, planted with 14 varieties of apple trees and no more; that the trees were 14 years old, except 50 or 60 of them, which had been reset; that the land was first-class soil, entirely suitable for the successful growing of apple trees and their fruit, and that there was no hardpan in the orchard; that the orchard was of the value of $45,000, and had been greatly benefited by deep plowing; and that the net returns each year from the orchard during the years that Vanderbilt had owned it were equal to a net in-

come of from 20 to 30 per cent. on $43,000, and that the net returns for the year 1908 were $11,333. The cross-bill further alleged that those representations were false, and so known to be at the time by Vanderbilt and his agent, Henderson, and that they were made to induce; and did induce, the appellees to enter into the contract of purchase, which they otherwise would not have done. It further alleged that the representations so made were false, in that the soil of the orchard is not first-class, nor suitable for growing apple trees, but, on the contrary, is hard and impervious to moisture and to the roots of the trees, and that it does to a large extent consist of hardpan; that the trees were, with the exceptions noted, at the time from 16 to 17 years old, and contained more than 21 varieties, instead of only 14; that the orchard was not benefited by the deep plowing, but, on. the contrary, was irreparably injured thereby; and that the orchard was not a first-class orchard bearing merchantable varieties of apples, and was not of the value of $45,000, nor of any greater value than $20,000.

The answer of the appellants, complainants below, to the cross-bill, while denying the alleged fraud on their part, and other of the allegations of the cross-bill, admitted that they had represented to the agent of the appellees that the soil of the orchard was first-class, and was suitable for the growing of apple trees and the maintenance of such an orchard, and admitted that they had represented to the appellees that it contained no hardpan.

The cause came on for trial before the judge of the court below, who heard the evidence and saw the witnesses. The trial resulted in a very substantial conflict in respect to the material issues presented by the pleadings. From the evidence the trial judge found the making of the written contract as alleged, and that it was made upon representations of material facts in regard to the character of the soil of the orchard, the number of varieties of trees therein planted, and the age of the trees, which representations the findings declare were false and fraudulent, and were so known to be by Vanderbilt when made, and that they were made by him and his agent for the purpose of deceiving the appellees, and to induce them to enter into the contract in question.

In the circumstances appearing, the general rule applicable to such cases precludes us from interfering with the findings of the trial court, having the advantages alluded to; in addition to which it may be observed that the reading of the evidence disclosed to our minds certain suspicious circumstances strongly confirming the correctness of the conclusion reached by the court below, some of which we discovered, upon the subsequent reading of the opinion of the trial judge, impressed his mind as it does ours. It would, however, serve no useful purpose to go into those matters, so we forbear.

The judgment is affirmed.