CHILDS et ux. v. WILLIAMS et al.

(Circuit Court of Appeals, Eighth Circuit. February 16, 1914.)

No. 4035.

1. DEEDS (§ 208*)—DELIVERY—EVIDENCE.
   Evidence *held* insufficient to show that a finding of nondelivery of a deed was the result of a serious mistake of the trial judge in considering the evidence or of an obvious error in the application of the law.
   [Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 625–632; Dec. Dig. § 208.*]

2. APPEAL AND ERROR (§ 731*)—OPINION OF TRIAL COURT—EFFECT—ASSIGNMENT OF ERROR.
   An opinion of the trial judge is not a ruling on which error may be assigned.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021; Dec. Dig. § 731.*]

3. DEEDS (§ 194*)—DELIVERY—RECORD—REBUTTABLE PRESUMPTION.
   Presumption of delivery of a deed from recording thereof is a rebuttable one, and hence is not a fact and may be overthrown by facts tending to show the contrary.
   [Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 574–583, 623, 634; Dec. Dig. § 194.*]

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Suit by Sarah C. Williams, as administratrix of the estate of John Williams, deceased, and others, against Walter A. Childs and wife. Decree for complainants, and defendants appeal. Affirmed.

George W. Day, of Kansas City, Mo., for appellants.

Guy B. Park, of Platte City, Mo. (A. D. Gresham, of Platte City, Mo., on the brief), for appellees.

Before SANBORN and CARLAND, Circuit Judges, and RINER, District Judge.

CARLAND, Circuit Judge. This was an action brought by appellees against appellants to cancel a warranty deed made by John Williams and wife, December 2, 1904, whereby for the expressed consideration of $2,900 the grantors purported to convey to Walter A. Childs certain real estate situated in the county of Platte, state of Missouri, subject to a mortgage of $600, which the grantee by the terms of the deed assumed. There is much irrelevant and immaterial evidence in the record, but the following facts are established beyond dispute: John Williams and wife on December 2, 1904, executed a warranty deed for the land in controversy, and according to the allegations of the bill filed it for record December 5th, following, with the recorder of deeds of Platte county, Mo. The deed remained at the recorder's office until March 2, 1905, when it was mailed to John Williams, who received it and retained the custody thereof until his death on July 8, 1910, when the same was found among his papers. No consideration ever passed between grantor and grantee; but the grantee, having ob-

tained possession of the deed after the death of the grantor, offered
to pay to the heirs and next of kin of Williams the consideration
named in the deed. From the date of the deed till his death the gran-
tor remained in possession of the land described therein and received
the rents and profits thereof. The grantor also made repairs upon
buildings on the land, and purchased wire for fencing purposes. The
evidence concerning which there is a conflict was introduced on the
issue of whether the deed was ever delivered to the grantee and ac-
cepted by him during the lifetime of the grantor. Ellen Noland,
James Brown, Belle Williams, and Sarah Williams testified that sub-
sequent to the death of the grantor, Walter A. Childs, the grantee,
declared that he knew nothing of the deed until it was found among
the papers of the deceased grantor. This testimony is denied by
Childs. Mrs. Childs and her daughter, Mrs. Brink, testified that in
July, 1905, the grantor, John Williams, at his home, produced the deed
and gave it to the grantee, Childs, and the latter accepted it, but imme-
diately returned it to the grantor, saying that if it would be all right
he would leave it there.

[1] Upon the foregoing evidence, and such other testimony as was
material, the trial court found there had been no delivery of the deed
and entered a decree canceling the same. We are not prepared to say
that the trial court made a serious mistake in the consideration of the ·
evidence, nor do we find that an obvious error intervened in the appli-
cation of the law; therefore the decree appealed from must be consid-
ered as presumptively correct. Gorham Mfg. Co. v. Emery-Bird-
Thayer Dry Goods Co. et al., 104 Fed. 243, 43 C. C. A. 511 (8th Cir-
cuit); United States v. J. Horace Marshall, Administrator, etc., et al.
(8th Circuit) 210 Fed. 595, 127 C. C. A. 231.

[2] The principal errors assigned relate to what the trial court said
in its opinion. The opinion is not a ruling of the court upon which
error may be assigned. It is not a part of the record so far as deter-
mining whether the judgment rendered should be affirmed or reversed.
We look to the rulings made and excepted to for error or otherwise,
and in a case like this to the evidence and the decree, and, if there is
evidence to support the finding of the trial court, we do not interfere
unless, as above stated, we find that a serious mistake in the consid-
eration of the evidence has been made or an obvious error has inter-
vened in the application of the law. The trial court in its opinion used
the following language:

"It is true that, generally speaking, the recording of a deed takes the place
of livery of seisin, is cogent evidence of delivery, and may, perhaps, in the
absence of opposing evidence, justify a presumption of delivery."

[3] Counsel for appellant cited this language as showing that the
trial court misconceived the law as established by the Supreme Court
of Missouri, in this, that the registry of a deed in Missouri always
gives rise to a presumption of delivery. But counsel conceded that
this presumption is a rebuttable one. A rebuttable presumption is not
a fact. When the facts appear, they may entirely overthrow this pre-
sumption, and that was the meaning that the trial court intended to
convey. It would not be claimed, if the evidence showed, that John

Williams when he received the deed from the recorder's office, publicly destroyed the same by burning it, that there was still a presumption of delivery arising from the recording thereof. We do not desire to pursue the subject further. We are satisfied that there is evidence from which the court could find that there was no delivery, and, as there was no serious mistake in the consideration of the evidence and no misapplication of the law, the decree must be affirmed.