D. T. McKEITHAN LUMBER CO. v. FIDELITY TRUST CO. et al.

(Circuit Court of Appeals, Fourth Circuit. June 8, 1915.)

No. 1318.

1. APPEAL AND ERROR ⚖️1009—FINDINGS—CONCLUSIVENESS.

Findings of the trial court in an equity case are presumptively correct, and will not be set aside by an appellate tribunal, unless based on an obvious error of law or serious mistake in dealing with the facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3970–3978; Dec. Dig. ⚖️1009.]

2. DEEDS ⚖️19—VALIDITY—SPECIFIC WARRANTY—FALSE REPRESENTATIONS.

Under the law of South Carolina, that in sales of land there must be specific warranty of quantity or proof of misrepresentation amounting to fraud to sustain a charge of failure of consideration, a grantee in a deed containing no warranty of quantity and not induced by fraudulent representations is not entitled to relief.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 38; Dec. Dig. ⚖️19.]

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Suit by the Fidelity Trust Company, trustee, against D. T. McKeithan Lumber Company and others. From decree (212 Fed. 229) for complainant and defendants J. M. Barr, W. R. Bonsal, and D. T. McKeithan, defendant Lumber Company appeals. Affirmed.

Louis G. Addison, of Columbus, Ohio (James Simons, of Charleston, S. C., on the brief), for appellant.

Henry E. Davis and P. A. Willcox, both of Florence, S. C. (Willcox & Willcox, of Florence, S. C., on the brief), for appellees.

Before KNAPP, Circuit Judge, and CONNOR, District Judge.

PER CURIAM. [1] Upon the issue of misrepresentation, which is the principal issue in the case, the learned judge presiding at the trial, who heard all the witnesses testify, made the following finding:

"The court finds as a conclusion of fact in this case that Mr. Poston and his associates in this case rested upon their own responsibility; that they relied not upon the codefendants in this case as constituting their officers or trustees, but were treating with them in the purchase of this property at arm's length; that they were intelligent business men, well aware of their rights, and well qualified and able to protect them, and they are not entitled in this case to rely upon any rule of responsibility as that the individual codefendants held towards them any position as quasi trustees. The defendants Bonsal and Barr, so far from that, I find, had nothing whatsoever to do with these negotiations prior to their consummation in the contract of sale and deed of conveyance; that they acted wholly as directors and stockholders for the protection of their own interest personally, and that of their own companies, and they undertook in no wise any responsibility whatsoever to the D. T. McKeithan Lumber Company, or to Poston and his associates, and they are not bound to any liability therefor."

Passing the point that no exception was taken to this finding, and treating it as involving a question of mixed law and fact, which is sufficiently presented by the assignments of error, we need only express the opinion, after careful study of the record, that the conclusion of the District Judge upon this issue of fact is supported by the testimony and should therefore be accepted on this appeal. It is familiar doctrine that the findings of the trial court in an equity case are presumptively correct, and will not be set aside by an appellate tribunal, unless they are based upon an obvious error of law or a serious mistake in dealing with the facts. Gorham Mfg. Co. v. Dry Goods Co. et al., 104 Fed. 243, 43 C. C. A. 511; Vanderbilt v. Bishop, 199 Fed. 421, 117 C. C. A. 652; United States v. Marshall, 210 Fed. 595, 127 C. C. A. 231; Childs v. Williams, 212 Fed. 151, 129 C. C. A. 9.

[2] It is the settled law of South Carolina that in cases of sales of land there must be a specific warranty of quantity, or proof of misrepresentation amounting to fraud, to sustain the charge of failure of consideration. Mitchell v. Pinckney, 13 S. C. 203, 209; Erskine v. Wilson, 41 S. C. 198, 19 S. E. 489; Latimer v. Wharton, 41 S. C. 508, 19 S. E. 855, 44 Am. St. Rep. 739. The deed in this case contains no warranty of quantity, and the trial court, in the explicit and comprehensive statement above quoted, has found that there was no misrepre-

sentation. If this finding be accepted, as we are convinced it should be, there is no ground for disturbing the decree. Farrar v. Churchill, 135 U. S. 609, 10 Sup. Ct. 771, 34 L. Ed. 246; Farnsworth v. Duffner, 142 U. S. 43, 12 Sup. Ct. 164, 35 L. Ed. 931; Shappirio v. Goldberg, 192 U. S. 232, 24 Sup. Ct. 259, 48 L. Ed. 419.

Affirmed.