## 12381

### FRETWELL v. McGEE

(141 S. E., 681)

1. MORTGAGES—ONE BIDDING IN TRACT AT FORECLOSURE SALE HELD PROPERLY RELEASED FROM BID MADE ON MISAPPREHENSION AS TO IDENTITY OF TRACT THROUGH RELIANCE ON MISREPRESENTATION OF HOLDER OF SECOND MORTGAGE.—One bidding in land at foreclosure sale *held* properly released from bid, where bid was made on misapprehension as to identity of tract due to reliance on misinformation for which holder of second mortgage who was interested in sale was responsible.

2. APPEAL AND ERROR—APPELLANT MUST SHOW THAT TRIAL JUDGE WAS IN ERROR.—On appeal, it is incumbent on appellant to convince reviewing Court that trial Judge was in error.

Before C. A. MAYS, Special Judge, Anderson, March, 1926. Affirmed.

Foreclosure action by People's Bank of Anderson against Theodore P. Watson and others. Under a decree of foreclosure the lands were sold, and defendant, J. E. McGee, bid in a certain tract. On rule to show cause why defendant, J. E. McGee, should not be required to comply with his bid, it was ordered that he be released, and defendant, J. J. Fretwell, appeals.

Order of C. A. Mays, Special Judge, directed to be reported, was as follows:

This matter comes before me at Anderson, on the return of defendant, J. E. McGee, to rule to show cause why he should not comply with the terms of a bid made by him on a tract of land containing 45.15 acres, bid in by him for $2,950 at the sale of the Probate Judge as Special Referee in the above-entitled case on sales day in January, 1926. The rule was issued by me March 8, 1926. It appears that J. E. McGee served a copy of his return on J. J. Fretwell, one of the defendants, the owner and holder of a second mortgage on the tract of land bid by him, as aforesaid, and also on Messrs. Breazeale & Pearman, attorneys for referee for Pacific Mutual Life Insurance Company, the holder

of the first mortgage lien on the tract. These parties appeared by their attorneys, Messrs. J. M. Padget and Breazeale & Pearman, upon the hearing of the return.

Upon hearing the verified return with supporting affidavits, the counter affidavits of J. J. Fretwell and argument of counsel, it appears to the Court, and I find that the said J. E. McGee bid upon the said tracts of 45.15 acres of land upon a misapprehension as to the identity of the tract, that his mistake was not through his negligence, and that he relied in so bidding upon the representation made by J. J. Fretwell to Harold Major, Esq., who was for that purpose the agent of J. J. Fretwell, that the tract of land over which J. J. Fretwell held a second mortgage was a tract that rounded out other lands in which J. E. McGee was interested to the road. I find that the tract over which J. J. Fretwell held a second mortgage and which McGee had in mind, this being another tract of the Watson land which lies between the other lands McGee was interested in and the public road. I do not go to the extent of holding that Fretwell intentionally misrepresented the identity of the tract, as such a finding is not necessary to the conclusion I reach. It is sufficient to hold that J. E. McGee did rely upon misinformation as to the identity of the tract of land, for which Fretwell, one of the parties to the cause, and one interested in the sale of the tract, was responsible. I find that the Pacific Mutual Company was not responsible for the misinformation and should not be prejudiced by the reliance of McGee thereon.

It appears that Special Judge S. T. Lanham has heretofore passed an order confirming certain sales in this case.

I find, however, that the sale of this particular tract was not confirmed. But if it should be contended that this order of confirmation referred to this particular sale, the return of J. E. McGee, in effect, asks for a reopening of this order, and, all parties in interest being before the Court,

I see no reason why this matter cannot be passed upon by the Court at this time.

It is, therefore, ordered, adjudged, and decreed that J. E. McGee be released from his bid of $2,950.00 on the tract of land in question on the terms hereinabove stated, and that the attempt or purported sale to him of said tract be set aside and the premises resold as below ordered and the rule heretofore issued on March 9, 1926, be discharged.

It is further ordered, that H. E. Bailey, Probate Judge, as Special Referee, do resell the said tract of 45.15 acres, on salesday in April, 1926, or some convenient salesday thereafter, at public outcry at Anderson, S. C., during the usual hours of public sales after legal notice, upon the terms set out in the original order of sale in this case, and that the proceeding after sale as to making title, etc., be as if this tract had not been offered for sale on January salesday.

It is further ordered, that the sale be at the risk of the said J. E. McGee to the extent of the amount due principal, interest, and attorney fees and costs on the lien of the Pacific Mutual Life Insurance Company on the said tract, and that if the amount realized on such resale is not sufficient to pay the amount due on the said mortgage of Pacific Mutual Life Insurance Company, exclusive of costs chargeable to the proceeds of said tract, J. E. McGee do forthwith pay over to said company, or its attorneys, any deficiency therein.

*Mr. J. M. Padget,* for appellant, cites: *Vendee should have been on guard:* 23 S. C., 209. *No pretense of fraud or intentional misrepresentation:* 35 S. C., 405. *Where sales conducted fairly:* 35 S. C., 416. *Order of confirmation cures defects and irregularities of sale:* 83 S. C., 172, 173.

*Messrs. Watkins & Prince,* for respondent, cite: *Proper remedy in attacking judgment for any defect not apparent upon face of record is by motion in the cause and before*

*the Court in which judgment was recovered:* 51 S. C., 333; 126 S. C., 207; 35 C. J., 59.

February 23, 1928.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

For the reasons assigned by Hon. C. A. Mays, Special Judge, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

We find the following in 16 R. C. L., pp. 54 and 55:

"The sale and contract are not complete and final until it is ratified and confirmed by the Court. The contract of a bidder at a sale in equity is not executed until he has complied with the terms of sale and received the officer's deed, or done something which would estop him from asserting that the contract was not executed, as where a purchaser, after the discovery of a defect in title to the property, complies with his bid and goes into possession of the land. Until such time, the purchaser's contract of sale is executory merely. The order of confirmation, being the consummated contract between the Court as vendor and the purchaser of the property, is conclusive of its terms, and these may not be added to or varied by collateral attack. The vested rights which the purchaser acquires when the property is knocked off to him, however, are fixed, though defeasible, and subject to be defeated if the Court refuses to confirm the sale. And the rights of the purchaser and the correlative rights of the judicial officer are established at the time of the sale and by the contract then made. It is this contract which is the substantial thing in the transaction, and when the deed which the judicial officer subsequently gives is delivered, it relates back to the time of the contract. The purchaser at a judicial sale enters into a contract with the officer to which the same principles should be applied which are applicable to a similar contract between private parties voluntarily entered into.

And the fact that by the terms of the contract the purchaser is not entitled to possession until a future date does not in any way alter the legal or equitable rights of the parties. Nor does the fact that the officer who sells is only exercising a power and has no title change the rules to be applied when the contract has been once made. So when the Court itself is requested by the purchaser to relieve him of his purchase, the matter is dealt with as if it were an action of specific performance, and the same principles are applied.

Also *People's Bank of Greenville v. Bramlett*, 58 S. C., 477; 36 S. E., 912; 79 Am. St. Rep., 855.

His Honor had the whole matter before him and decided adversely to the contention of the appellant, and the appellant has failed to convince us that his Honor was in error, which was incumbent on him to do.

. MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN (dissenting) : McGee seeks to be relieved of his bid upon the ground that Major, who appears to have been his attorney throughout the whole matter, told him that Fretwell had told him (Major) that the tract of land in question *came out to the public road,* and that he bid upon the land under this misapprehension. The burden of establishing not only the fact that Fretwell made this alleged misrepresentation to Major, but that Major extended the misrepresentation to McGee as the agent of Fretwell, was clearly upon McGee. The conversation between Major and Fretwell was with reference to a purchase by McGee of Fretwell's mortgage, and not with reference to a purchase by McGee at the foreclosure sale. It was a verbal communication liable to be misunderstood and to have been altered in the transmission or misunderstood by McGee. Fretwell swears that he was familiar with the location of the tract and could not have stated to Major that it lay next to the public road. It appears also that McGee, while living 10 miles in the country, was frequently in the City of Anderson and could within 15 minutes have

informed himself of the location of the land which was only three miles distant.

*Leges subveniunt vigilantibus non dormientibus.* It appears to me that McGee, with as large an amount as he had at stake, was culpably negligent in not ascertaining before he bought what he was buying.

MR. ACTING ASSOCIATE JUSTICE R. E. WHITING concurs.